ADA JOHNSON *v.* STATE.

[23 South. 338.]

1. CRIMINAL LAW. *Verdict. Legality. Surplusage. Instructions. Appeal. Judgment. Trial. Presence of accused. Misconduct of Jury.*

Where in a trial for murder the jury returned a verdict that "We, the jury, find the defendant guilty as charged and certify that we are unable to agree upon the punishment, and in which event the accused will be sentenced to the penitentiary for the remainder of her natural life," or, that part of the verdict which

reads "and in which event," etc., with the remainder of the sentence will be treated as surplusage and will not render the verdict illegal.

2. HOMICIDE. *Appeal. Instructions. Manslaughter.*
   On a trial of accused for murder she cannot complain that the court did not instruct on manslaughter where she presented no instruction thereon, as the court cannot grant instructions without they are in writing and requested to be given.

3. CRIMINAL LAW. *Judgment. Legality.*
   Where accused was indicted for murder, and tried for that offense, and the verdict of the jury convicted her of murder and the entire record shows a trial for murder only, and it is apparent that the sentence imposed was upon a conviction of murder, the statement of the clerk in entering the judgment that the accused was sentenced "for such her crime of manslaughter," was merely a clerical error on the part of the clerk in entering his minutes.

4. CRIMINAL LAW. *Trial. Presence of accused.*
   There was no partial hearing of a motion for a continuance in the absence of accused, where it was presented before the impanneling of the jury had been completed, and on her absence being discovered the motion was stricken from the record, and accused then being in court, the motion was again presented and passed on in her presence.·

5. CRIMINAL LAW. *Trial. Misconduct of Jury.*
   In a trial for murder, it cannot be contended that the jury was not properly guarded during its deliberations, because a bailiff in charge, slept in the room with the jurors and conversed with them concerning matters not relating to the case, where he did not talk with them while they were discussing the case, or while actually engaged in their deliberations, and there was no evidence to show any undue influence exercised by the bailiff.

APPEAL from the circuit court of Jones county.
HON. PAUL B. JOHNSON, Judge.
Ada Johnson was convicted of murder and appeals.
The facts are fully stated in the opinion of the court.

*Hardy & Arnold,* for appellant.

First, we submit that the verdict of the jury in this case is an illegal verdict, or rather is no verdict at all.

It shows, by a simple reading thereof, that the jury left something not finished and uncompleted. We are aware of the rule that certain parts of a verdict will be treated as surplusage but that is where the verdict of the jury is complete without the additional part sought to be stricken out. Here the jury left unsaid part of what it meant to say. This is a case where the question of the punishment was left to the jury to be fixed by them. By the insertion of the word ''or'' in the verdict it showed that the jury did not reach an agreement on this question.

The lower court erred in not submitting to the jury the question of the guilt of the appellant of the crime of manslaughter. If the murder be what it is defined by section 1227, Code 1906 to be, then no where does the state furnish any evidence that shows the guilt of the appellant of the crime of murder. ''There are no facts disclosed by this record to warrant a jury in finding that appellant acted with a deliberate design to affect the death of the person killed. *Rowland* v. *State,* 83 Miss. 483, 35 So. 826.

''Where the necessity to kill does not exist, if the killing be not done in pursuance of a premeditated design to take life, but on a sudden quarrel, it amounts to manslaughter only.'' *Cotton* v. *State,* 31 Miss. 504. No deliberation is shown here. The appellant is shown to have acted to save herself from a beating and choking. She was not guilty of murder. *Guest* v. *State,* 96 Miss. 871, 52 So. 211, where the distinction between these two crimes is clearly drawn.

The court in the case at bar limited, by its instructions, the jury to a finding as to one of two things, either guilt of the crime of murder or an acquittal. This was fatal error. The jury under the facts of this case, if authorized to convict of any thing, would most certainly have been justified in finding a verdict of manslaughter but most certainly not of murder.

*Johnson* v. *State,* 75 Miss. 635, 23 So. 579, wherein it is said that ''the third instruction for the state shut the jury up to a verdict of murder or nothing, and was, on

the record reversible error. "The court should have given an instruction submitting to the jury the question of manslaughter. The evidence does not warrant conviction of a greater offense than this and to not have submitted this question to the jury for their determination was fatal error." *May* v. *State,* 89 Miss. 291, 42 So. 154. *Johnson* v. *State,* 75 Miss. 635, 23 So. 579.

We do not presume that any serious contention will be made that the court did not err in sentencing the appellant for manslaughter. The jury convicted, if it did convict at all, of the crime of murder, the court passed sentence for a conviction of manslaughter and we submit that this was error, and in the state of this record respectfully submit that the appellant is entitled to be discharged entirely.

We next submit that the case should be reversed and remanded for a new trial because the jury was not properly held together and guarded but allowed to separate during the progress of this trial.

Then the appellant was not permitted to be present during a part of her trial. She was in the custody of the sheriff of the county. When court adjourned for dinner one of her attorneys was taken sick and a motion was made to continue or pass the case as set out in the proceedings. She was absent when this motion was made. Her absence was unknown to all parties, both the court, her attorneys and the district attorney. It was without fault on her part. This was during the selection of the jury to try her case. It is true the court discovered her absence before ruling and ordered the motion stricken out, and then when she was present took evidence thereon, that is on the motion, and overruled it. This did not cure the error. She was entitled to be present during the entire progress of the trial. *Warfield* v. *State,* 96 Miss. 170, 50 So. 561; *Corbin* v. *State* 55 So. 43.

Nothing could be legally done during her absence. This is not an open question in our state. *Doss* v. *State,* 61

106 Miss. 7

So. 690; *Booker* v. *State,* 81 Miss. 391, 33 So. 221, 95 Am. St. Rep. 474; *Sherrod* v. *State,* 93 Miss. 774, 47 So. 554, 20 L. R. A. (N. S.) 509; *Warfield* v. *State,* 96 Miss. 170, 50 So. 561; *McLendon* v. *State,* 96 Miss. 860, 50 So. 864; *Stanlet* v. *State,* 97 Miss. 860, 53 So. 497; *Sadler* v. *State* 98 Miss. 401, 53 So. 783; *Lee* v. *State,* 101 Miss. 387, 58 So. 7.

*Geo. H. Ethridge,* assistant attorney-general, for the state.

It is insisted that the verdict of the jury in this case is an illegal verdict because the verdict returned by the jury read substantially as follows: "We, the jury, find the defendant guilty as charged, but cannot agree on the punishment, in which event it would be the duty of the court to sentence the defendant to the penitentiary for life, or."

It is insisted that the verdict is an incomplete verdict and that the jury did not understand the effect of the verdict and that it was not really a legal verdict. The verdict was complete and it is clear, from a reading of the verdict, that the jury understood that the punishment was to be inflicted by the court; that they themselves could not agree what the punishment should be, but even on the testimony of the jurors introduced, they all agreed as to the guilt of the defendant.

The recital of the verdict goes not only to show a verdict of guilty, but it shows that the jury were instructed and wrote that instruction in their verdict, that it was the duty of the court to inflict life punishment in the penitentiary. All after the term given, "We, the jury, find the defendant guilty as charged and cannot agree on the punishment," is surplusage, and no one asked to have the meaning of the jury cleared up at the time the verdict was returned to the court. *Temple* v. *State,* 61 So. ——.

It was next insisted by the appellant that the court committed error in not instructing the jury on manslaughter.

It ought to be a sufficient answer on this objection to state to the court that the defendant was represented by a firm of able lawyers, the junior member of which had been practicing in court for a period of thirteen years, and the senior member of the firm is a man who has been long at the bar and noted as a lawyer of much ability. If they desired to have an instruction on manslaughter, they certain would have prepared and presented it to the trial judge, and failing to do so cannot now be complained of as failing to get the benefit of such instruction.

Under our system, the circuit court is not allowed to give instructions to the jury unless they are asked in writing, and if, in a murder case, a defendant thinks the best interest of the defendant is subserved in withholding an application for a manslaughter instruction and they act on that theory, they should not be heard to complain afterwards. The court is not allowed to instruct the jury on its own motion even though the jury ask for such instruction, and it has been held reversible error for the court to give such instructions under such circumstances. *Johnson* v. *State,* 78 Miss. 627, 29 So. 515; *Gilbert* v. *State,* 78 Miss. 300, 29 So. 477. See, also, section 792 of the Code as to instructions.

It is next contended that the judgment must be reversed because, in the judgment of the court imposing sentence, the judgment recites or uses the word, "manslaughter" instead of "murder" as being the crime when the whole record shows a verdict convicting of murder, and the refusal of the court to set aside the verdict and where the verdict appears in the record for murder and where the sentence of the court is for a term that could be inflicted for murder. It would avail the defendant nothing if the case were reversed for this alone, because all that would be accomplished would be to have the court resentence the person to the same term of imprisonment to which she stands now sentenced, besides, wherever the

record is clear and it is certain that the right result is reached and there has been a mere error in pronouncing judgment, this court would render such judgment as the circuit court ought to have rendered. See statements attached of circuit judge and certificate of clerk, marked "Exhibit A" and "Exhibit B."

It is next insisted that the case should be reversed because the jury was not properly held together and guarded during their deliberations, and because the bailiff in charge of the jury slept with the jury and talked with them about matters in nowise touching or appertaining to the case. The record does not show that the jury separated, but it shows that the bailiff was in the room with them and went to sleep before some of the jurors went to sleep.

The next assignment argued in the brief of counsel for the appellant is that the court committed a fatal error in hearing the motion for a continuance at a time when the appellant was absent. Her absence was not during a part of the trial and the appellant was not prejudiced in any way. Before the motion was passed on, the absence of the appellant was discovered, the proceedings stricken from the record, and the appellant brought into court and the whole proceedings gone through with in her presence. A similar contention was made in the *Lipscomb case,* 76 Miss. 223, and it was there held that the constitutional provision had reference primarily to a trial on its merits, and it will not apply in any such case unless it affirmatively appears that the defendant was prejudiced by a hearing on collateral matter in her absence.

The cases cited in the brief of appellant on this point do not apply to the case at bar. Some of them, it must be confessed, go to an undue and unreasonable extent, but they all apply to questions before a jury and on the merits of the trial.

Argued orally by *J. M. Arnold,* for appellant and *Geo. H. Ethridge,* assistant attorney-general, for the state.

REED, J., delivered the opinion of the court.

Ada Johnson was convicted on a charge of murder and sentenced to the penitentiary for life. There is sufficient evidence to support the jury's verdict.

Appellant contends that there were a number of errors committed during the hearing of her case, but we do not find any reversible error in the proceedings. We will, however, notice several of the assignments presented by appellant and argued by her counsel in their brief.

It is claimed that the verdict of the jury is illegal. The verdict reads as follows: "We, the jury, find the defendant guilty as charged, and certify that we are unable to agree upon the punishment, and in which event the accused will be sentenced to the penitentiary for the remainder of her natural life, or." It is urged that the verdict is incomplete. The words of the verdict are taken from the third instruction for the state, and are the same as those of the third paragraph of the instruction. The juror who wrote the verdict, in taking it from the instruction, did not stop with the quotation mark used to show the ending of the exact words of the verdict, but continued and wrote all of the words of the paragraph. The verdict, in effect, finds appellant guilty and states that the jurors are unable to agree upon punishment. In such event, it is the duty of the court to sentence appellant to the penitentiary for life. The words in the verdict, "and in which event the accused will be sentenced to the penitentiary, for the remainder of her natural life, or," we deem surplusage only. They do not render the judgment illegal.

Appellant insists that the court erred in not instructing the jury on manslaughter. No such instruction was asked for by counsel for appellant upon the trial. Under the system of judicial procedure in Mississippi, it is not in the province of the judge to give instructions to the jury unless one of the parties request him to do so and present to him in writing the desired instruction. He is not per-

mitted to instruct the jury at his own instance. Having failed to present a written instruction on manslaughter to the judge, with the request that it be given, appellant cannot now be heard to complain that she has not received the benefit of such instruction.

It is claimed that there is error in the judgment imposing sentence, because it is recited therein that the appellant was sentenced to the state penitentiary for life, "for such her crime of manslaughter." Appellant was indicted for murder, and tried for that offense, and the verdict of the jury convicted her of murder. The entire record shows a trial for murder only. It will be noted that appellant complains of the failure by the trial judge to give, upon his own motion, a manslaughter instruction. There is nothing in the record to show a trial and conviction on the charge of manslaughter. It is therefore apparent that the sentence imposed was upon a conviction of murder, and the statement of manslaughter in the judgment of the court was merely a clerical error on the part of the clerk in entering his minutes.

Appellant assigns as error the partial hearing of a motion for continuance in her absence. It appears from the statement by one of appellant's counsel that a motion for continuance was made on account of the illness of another of her counsel. The motion was presented before the impaneling of the jury had been completed. No one noticed the absence of appellant. When the judge's attention was called to the matter, he immediately ordered the motion stricken from the record; and, appellant then being in court, the motion was again presented, and passed on in her presence. We see no error in this. The trial of the case on its merits had not begun, and all that was done while appellant was out of the presence of the court was stricken from the record, and was as if never done. In fact, the record contains no proceedings in the case had in the absence of appellant.

It is also contended that the jury was not properly guarded during its deliberations, because a bailiff in

charge slept in the room with the jurors and conversed with them concerning matters not relating to the case. He did not talk with them while they were discussing the case, or while actually engaged in their deliberations. There is no evidence to show any undue influence exercised by the bailiff. It was necessary for him to communicate with the jurors and associate with them, in order to serve them and supply their needs. We see nothing improper in the conduct of the bailiff, and nothing to cast suspicion on the verdict.

                                                    *Affirmed.*