WILLIAMS *et al. v.* BUSH, SUPERINTENDENT OF INDUSTRIAL
TRAINING SCHOOL.

(In Banc.   Feb. 25, 1946.)

[24 So. (2d) 863.   No. 36051.]

J. E. Davis and T. Price Dale, both of Hattiesburg, for
appellants.

Greek L. Rice, Attorney General, by Geo. H. Ethridge, Assistant Attorney General, for appellee.

**Roberds, J.,** delivered the opinion of the court.

Appellants were arrested upon a warrant issued pursuant to an affidavit made by the County Attorney charging them with petty larceny. They appeared in the County Court February 26, 1945, accompanied by their mother and their attorney, and entered a plea of guilty to said charge; whereupon the judge of the County Court, acting as a Juvenile Court, by a proper order, committed them to the Mississippi Industrial and Training School at Columbia until they should become twenty-one years of age, appellants being twins and then thirteen years and five months old, but the sentence was suspended during good behavior and on the condition that they should not commit any act of delinquency thereafter.

On June 2, 1945, appellants were again brought before that Court, and admitted they had participated in a robbery subsequent to the former order committing them to the Training School at Columbia. The Juvenile Court at the hearing June 2, 1945, revoked the former suspension and ordered that appellants be then committed to said institution as juvenile delinquents until they should become twenty-one years of age.

On August 22, 1945, the present petition for a writ of habeas corpus was filed, to which the Superintendent of the Mississippi Industrial and Training School was made a party respondent, seeking at the hands of the Chancery Court an order discharging appellants from said institution. The Chancellor denied the petition.

Appellants say the petition should have been sustained because the Juvenile Court had no jurisdiction of appellants. They seem to take the position that this proceeding could be instituted only upon a petition of some reputable person as provided in Section 7188, Code 1942, and that a proceeding instituted upon warrant for the arrest of the delinquent, as was done in this case, is illegal and confers upon the Juvenile Court no jurisdiction of the person of the delinquent. The answer to that contention is that while the proceeding may be instituted in the manner provided in said Section 7188, such delinquent under eighteen years of age may also be brought before the court when arrested on any charge ''with or without warrant.'' Section 7199, Code 1942. When that is done, as was the case in this proceeding, the Juvenile Court has full jurisdiction to make proper disposition of the delinquent. The mother of and attorney for petitioners duly appeared in the cause. The father was dead.

It is next contended by appellants that this record does not show that they were capable in law of committing the crime of petty larceny. It is urged that it is necessary that this be shown and that the burden is upon the state to show that. It is not necessary that a delinquent be actually convicted in order to confer jurisdiction upon the Juvenile Court to commit him to the proper state institution. Section 7193, Code 1942, defines a delinquent child as one under eighteen years of age ''who violates any of the laws of this state, or city ordinances, or who is incorrigible, or who habitually so deports himself as to injure or endanger the morals or health of himself or others.''

It is next urged that appellants should be discharged because the order of the Juvenile Court did not affirmatively find that it was for the best interest of the minors and of the public that they be committed, citing Section 6755, Code 1942. That Section is under the Chapter on University—Colleges—State Schools, and provides that

if any child under eighteen years of age shall be convicted in any court in this state of a crime involving moral turpitude, the trial judge, if he deems it for the best interest of the child and the public welfare, may, in his discretion, remand the child to the foregoing training school. The section is not applicable here. These delinquents were not convicted. No criminal sentence was imposed upon them. The Court here was acting not as a criminal court strictly speaking but as a Juvenile Court, possessing large discretion as to what should be done with the delinquents. The applicable section is 7201, Code 1942, under the Chapter on Children, passed in 1940 long after Section 6755 was adopted, and provides that the Juvenile Court may commit the child to the care of a probation officer, or of any other proper person, or permit him to remain in his own home subject to visitation by the probation officer or other person designated by the Court, or may commit him to any institution in the state for the care of children. That Section does not require that the order of committal shall affirmatively recite that it is to the best interest of the child and the public that the child be so committed. The fact that the Court entered the committal order would itself be sufficient to show that the Juvenile Court deemed such action for the best interest of the delinquent and the public.

The Chancery Court was correct in refusing to order the discharge of the delinquents.

Affirmed.