JONES *v.* STATE.

No. 42233 June 11, 1962 142 So. 2d 36

*W. S. Moore,* Jackson, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

McElroy, J.

The appellant and Charlie Mayfield were jointly indicted in the Circuit Court of the Second Judicial District of Jones County for the larceny by trick of $65.00 cash from Lola Mae Gammage. This kind of case is commonly known as "pigeon dropping". A severance was granted and the appellant Trop C. Jones was convicted and sentenced to serve three years in the state penitentiary.

There were several errors assigned on behalf of the appellant. No point was made in the court below as to the form of the sentence. The main assignments in the lower court were on the question of the demurrer to the indictment and the instructions of the court.

The question as to the form of the judgment of the lower court was first raised in the briefs in this Court. The indictment in this case is plainly an indictment for grand larceny. The instructions of the court followed the indictment as to the charge of grand larceny. The jury brought in a verdict of guilty as charged. On April 5, 1961, the court entered in part the following order: "Troy C. Jones in his proper person, and by attorney, who on a former day of this term of court was arraigned and entered a plea of 'not guilty' to a charge of grand larceny * * *. After hearing all of the testimony in the case and receiving instruction of the court, and listening to the oral argument of counsel, the jury retired and considered their verdict and presently returned into open court the following verdict: 'We, the jury, find the defendant guilty as charged.' It is the order of the court that the defendant Troy C. Jones await sentence until April 13, 1961." On April 13, 1961, the court entered in part the following: "Troy C. Jones was tried and found guilty on the charge of *false pretense,* which charge had been preferred by bill of indictment, and was thereby sentenced to serve three years in the state penitentiary."

From the record the appellant was tried on the indictment of grand larceny; the instructions of the court were on the charge of grand larceny; the jury's verdict was a verdict of guilty as charged; the court's order recognized that he was found guilty of the charge of grand larceny and set a later date for his sentence. We are of the opinion that the indictment was sufficient for the charge of grand larceny and that the jury was justified from the evidence in the case in finding the defendant guilty of grand larceny.

The only question before the court is whether there was error in the order of sentence entered on April 13, 1961. We believe if there was error it was purely a clerical error.

24 C. J. S., Criminal Law, Section 1601, Description of Offense, p. 627, states: "An erroneous statement of the offense is not fatal, where it is corrected by the record itself which shows what the offense really is." "An objection to the judgment because of failure to state the offense of which accused was found guilty, or that accused was guilty of any named crime, is technical rather than substantial, where the record shows fully the crime through trial and verdict up to conviction and sentence, and this omission may be supplied by reference to the rest of the record. Thus, where the judgment record enables the elements and character of the crime to be ascertained by a reference to the indictment, information, or complaint, where it contains a reference to the verdict returned against him, or speaks of his having been found guilty or convicted of a particular and specifically mentioned crime, the description of the crime is sufficient."

Johnson v. State, 106 Miss. 94, 63 So. 338, held: "Ada Johnson was convicted on a charge of murder and sentenced to the penitentiary for life. There is sufficient evidence to support the jury's verdict. * * *

"It is claimed that there is error in the judgment imposing sentence, because it is recited therein that the appellant was sentenced to the state penitentiary for life, 'for such crime of manslaughter'. Appellant was indicted for murder, and tried for that offense, and the verdict of the jury convicted her of murder. The entire record shows a trial for murder only. It will be noted that appellant complains of the failure by the trial judge to give, upon his own motion, a manslaughter instruction. There is nothing in the record to show a trial and conviction on the charge of manslaughter. It is therefore apparent that the sentence imposed was upon a conviction of murder, and the statement of manslaughter in the judgment of the court was merely a clerical error on the part of the clerk in entering his minutes."

 A Florida case, Hambrick v. State, 86 So. 623, held: "The entire record may be looked to in ascertaining the offense for which the accused is sentenced, and an erroneous recital or statement of the offense by the court in pronouncing sentence, or of the clerk in recording in the minutes of the proceedings kept by him the judgment imposed, will not vitiate the judgment when the record fully discloses the offense for which the accused was indicted, tried and convicted. In such case the record furnishes a complete protection against another prosecution for the same offense. 16 C. J. 1322; State v. De Hart, 109 La. 570, 33 South. 605; Johnson v. State, 106 Miss. 94, 63 South. 338; People v. Terrill, 133 Cal. 120, 65 Pac. 303; Ira Cole v. People, 37 Mich. 544." Cf. State v. Rider, 10 So. 2d 601, 201 La. 733.

 It is therefore apparent that the sentence imposed was upon a conviction of grand larceny, and the statement of false pretense in the judgment of the court of April 13, was merely a clerical error on the part of the clerk in entering his minutes. We believe there is

no substantial error and the case is therefore affirmed on a conviction of grand larceny.

Affirmed.

*Lee, P. J.,* and *Arrington, Rodgers,* and *Jones, JJ.,* *concur.*