232 So.2d 733 (1970)
In the Interest of John Henry LITDELL, Jr., a Minor.
No. 45672.
Supreme Court of Mississippi.
March 9, 1970.
*734 Fountain D. Dawson, Greenville, for appellant.
A.F. Summer, Atty. Gen., by G. Garland Lyell, Jr., Asst. Atty. Gen., and Wade H. Creekmore, Jr. and James H. Creekmore, Sp. Asst. Attys. Gen., Jackson, for appellee.
SMITH, Justice:
This is an appeal from an order of the Youth Court of Montgomery County revoking the probation of John Henry Litdell, a delinquent minor.
In May of 1968, the court had adjudged Litdell to be a delinquent within the meaning of Mississippi Code 1942 Annotated section 7185-09 (1952). He was not discharged but was placed on probation, in the custody of his mother.
In February of 1969, the District Attorney for Montgomery County petitioned the court to revoke Litdell's probation upon the grounds that he had failed to report, as required by the court's earlier decree, and that he had committed acts which would have constituted felonies if done by an adult. It developed that the requirement for reporting had been withdrawn and that charge was not considered and was not a factor in subsequent proceedings.
The matter was set for hearing on March 31, 1969, but on that date Litdell's mother informed the court that they were without counsel. The hearing was postponed and set for April 17, 1969, in order to afford them an opportunity to employ an attorney.
On April 2, 1969, 15 days prior to the date set for the hearing, the mother reported to the court that she and her son had been unable to obtain funds with which to employ counsel and were indigent; whereupon the court appointed a member of the Montgomery County Bar to represent them.
On April 17, 1969, the court convened for the purpose of conducting the hearing. Before the hearing commenced, Litdell's counsel moved to have the petition made more definite and certain and this motion was sustained. An amended petition was filed, after which the attorney announced ready, and an evidentiary hearing ensued. At the conclusion of the evidence and argument of counsel, the court revoked Litdell's *735 probation and directed that he be sent to a state training school.
The principal arguments advanced by appellant for reversal are (1) Litdell and his mother did not have adequate notice of the April 17 hearing; and (2) no violation was shown of any condition set forth in Litdell's probation.
As to the first of these contentions, appellant relies upon In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). In an article in Note, Constitutional Law  Application of Basic Constitutional Guarantees to Juveniles, 39 Miss.L.J. 121, 129 (1967), the author points out that the requirement of notice in Mississippi Youth Court proceedings antedates Gault. In Gault there had been a flagrant omission of notice. In the present case, the petition was filed 48 days prior to the actual hearing on the merits. The youth and his mother attended on March 31, the date originally set, and the case was passed to April 17 to allow them to obtain the services of counsel. On April 2, these people reported to the court that they had been unable financially to employ an attorney to contest the petition, and were indigent. The court then appointed an attorney for them. This was 15 days before the hearing, which had been scheduled previously for April 17.
When the court convened on April 17, after counsel for Litdell had obtained an amendment making the petition more definite and certain, he announced ready, and the hearing proceeded without objection.
Due process requires only that reasonable notice be given. Pope v. Wiggins, 220 Miss. 1, 69 So.2d 913, 916 (1954); 21 Am.Jur.2d Criminal Law § 220 (1965); 16 Am.Jur.2d Constitutional Law § 562 (1962).
The presence of the mother and youth at the April 17 hearing was the third time that they had appeared before the court in connection with the petition to revoke Litdell's probation, having been present on March 31, the date on which the matter had been set originally, on which date the case was continued and set for April 17, and again on April 2, when appointment of counsel had been obtained. The attorney had been appointed 15 days prior to the hearing, and the record leaves no doubt that he gave appellant vigorous, conscientious and capable representation throughout. Following his appointment, the attorney had 15 days within which to investigate and prepare the case. In announcing ready, it must be assumed that he did so advisedly, and with the understanding that the hearing would proceed. We do not think that, under the circumstances, there was a denial of due process because of inadequate notice.
As to the second ground urged for reversal, that no violation of a condition of the probation was shown, it is conceded that there had been no violation of any express condition.
The court's view, expressed in its opinion, was that "if, in misbehaving as the undisputed record shows (Litdell) did since May of last year, he did not violate any written parole or probationary condition, the court considers that it is implicit in every order wherein it is not explicit, that if the child is paroled, he is paroled for some reason, and not discharged; and that if he is paroled * * * there is the meaning that there may be another day * * * as long as he was on parole and not discharged, the court would have the authority to revoke the parole and to do something else for the boy's good as long as it was justified, in the court's opinion, by proof of the boy's misconduct."
Appellant's position, however, is that since there had been no violation of any express condition of his probation, and he had not actually been convicted of any criminal offense, the court was without power to revoke the probation or to change its conditions.
The State's response to this proposition is, in effect, that the youth court's probation *736 of any youth adjudged to be a delinquent carries with it an implied condition of good behavior.
The principle of implied conditions is well grounded in the law. For example, in Note, Legal Aspects of Probation Revocation, 59 Colum.L.Rev. 311, 315 (1959), there is a discussion of implied conditions in cases of probation:
Further, it seems clear that some minimal restraints on a probationer's behavior may be implied in the nature and purposes of the probation system. Thus, courts have found implied conditions that the probationer must not commit a felony and that he must obey reasonable directions and orders of the trial judge or a probation officer. Apparently, conditions are implied only as to conduct which the probationer clearly should have realized might result in revocation. (Emphasis added).
In People v. Perez, 243 Cal. App.2d 528, 52 Cal. Rptr. 514, 517 (1966) the California court relied on implied conditions:
Although the terms and conditions of the probation order are not disclosed by the record, it is an implicit condition of every such order that the probationer refrain from engaging in any criminal activity or becoming "abandoned to improper associates or a vicious life." (Emphasis added).
The proof here showed that Litdell, while on probation, had been taken into custody on numerous occasions by law officers in connection with various acts of misconduct, which included "car prowling," shop lifting, two incidents of assault and battery, and creating a public disturbance.
It is to be borne in mind that the Mississippi Youth Court Act [Mississippi Code 1942 Annotated section 7185-09 (Supp. 1968)] provides that disposition of the child, after adjudication, is made by the court upon the basis of an investigation.
In all cases, after the adjudication thereof, whenever it may appear for the best interest of said child so to do, and after an investigation concerning said child has been made, and subject to such conditions and supervision as the court may order, the court may change the custody of said child, or may dismiss the petition, or may terminate its jurisdiction over said child. (Emphasis added).
Obviously, the youth court might have directed the placement of Litdell in a training school at the time of his adjudication as a delinquent. The court did not do this. But neither did the court "terminate its jurisdiction." Rather, the court imposed the least restraint and the mildest supervision upon Litdell in the hope that this would be sufficient. The youth court's jurisdiction of youth adjudged to be delinquent is a continuing one, with a continuing power to alter the terms of the probation if, in the interests of the child, the original arrangement proves inadequate or to have been ill advised. Without this flexibility the court no longer would be in such an advantageous position to give a delinquent youth "another chance" as an initial measure, at least, by granting probation upon terms of the least possible restraint and the mildest supervision as was done in this case.
We have concluded that, under the circumstances in the record, appellant was not denied due process and that the court had jurisdiction, as well as power, to alter the arrangement originally made in order to provide necessary supervision and control of appellant, the original arrangement having proven inadequate in both respects.
Affirmed.
ETHRIDGE, C.J., and RODGERS, BRADY and PATTERSON, JJ., concur.