BROOM, Justice:
The appellants, Larry Suratt, age one day under sixteen years, and Johnny Holloway, age seventeen years, were both adjudicated by the Youth Court of Yalobusha County, to be delinquent children and were committed to Oakley Training School. From this adjudication entered by the chancellor who served also as youth court judge, they both appealed to this Court. We affirm.
The facts are not in dispute. Appellants on January 19, 1972, in the town of Water Valley, Mississippi, turned on several fire hydrants, resulting in loss of a large quantity of water. Later, after midnight, they slipped out of the Holloway house where Suratt was spending the night with his friend, Holloway. Then they broke into Water Valley High School buildings four separate times during the same night. While inside the buildings they committed various acts of vandalism and larceny, and in a general way left the facilities in shambles. Milk, rice, butter, sugar, soft drinks, et cetera, were strewn about. Before leaving, they wrote vulgar language on different places. Ink was poured out, and damage was done to various items such as a typewriter, picture and intercom system. They made, through their parents, restitution for the damages caused by them.
Two separate petitions were filed against each of the appellants which petitions alleged the acts hereinabove referred to and charged each of them with being “a delinquent child within the meaning of the Youth Court Act” of Mississippi. By agreement the petitions were all consolidated, tried and appealed as one cause.
I
It is first. contended that the trial Court erred in dealing with the petitions filed against the apgeljants, as criminal proceedings rather- than civil, quoting Mississippi Code 1942 Annotated section 7185-08 (1952). While said section does provide that youth court matters shall be entirely of a civil nature, we simply do not find in the record any aspect of the trial which, jn-dicatesHhat the trial court proceeded as-if iL.JAtgre.__ a. criminal , proceeding. When within the scope of appropriate pleadings, evidence that a youth has committed a crime is admissible and may be considered for the purpose of determining whether or not he is delinquent. Bryant v. Brown, 151 Miss. 398, 118 So. 184 (1928). Therefore, we hold there was no error in this regard.
II
It is next contended by appellants that the court erred in committing them to the training school for the reason that such commitment was contrary to the testimony of all of the witnesses. Further, appellants say, in effect, that as a matter of law under Mississippi Code 1942 Annotated sections 7185-02 (Supp.1972), 7185-26 (1952) and 7185-09 (Supp.1972) they were entitled to benefit of a suspended sentence since no other law violations had ever previously been filed against them. As authority that appellants upon being charged for the first time should have been given a suspended sentence, appellants rely on the case of In Re Litdell, 232 So.2d 733 (Miss.1970). In that case we held that at the time one is adjudicated as a delinquent, he may be placed in a training school. We said:
Obviously, the youth court might have directed the placement of Litdell in a training school at the time of his adjudication as a delinquent. (232 So.2d at 736.) (Emphasis added.)
Mississippi Code 1942 Annotated section 7185-09 (Supp.1972) provides as follows:
If the court finds that the child is neglected or delinquent or battered within the provisions of this act, it shall so adjudge and decree, and may, by order duly entered, proceed as follows: (1) *180 Place the child under supervision in his own home or in the care of a relative, under such terms as the court shall determine and direct; or (2) place the child in a suitable family home, or commit him to the custody of a suitable private institution or agency able and willing to receive him; or if adjudged delinquent, may commit the child to the custody of a state supported training school

The legislature defined “Delinquent child” in Mississippi Code 1942 Annotated section 7185-02(g) to mean what is “commonly called a juvenile offender . ;” or one “who is habitually disobedient to or beyond the control of his parents . . .; or who violates any state law or municipal ordinance; ... or becomes an incorrigible or uncontrollable child . . . .” It is readily seen that a youth “who violates any State law or municipal ordinance,” even though it be his first such offense, may be adjudicated to be a “delinquent child” unless such violation is by some other applicable statute excluded from the purview of section 7185-02(g), supra.
We find nothing in the statutes or authorities cited by appellants which would require that any child upon being formally charged for the first time with a law violation or with being delinquent must be given a suspended sentence prior to commitment into the care and custody of a state supported training school. Said section 7185-09, supra, explicitly gives the youth court several options and broad discretion as to what action should be taken regarding a “delinquent child.”
The lower court had before it acts of burglary, larceny, vandalism and malicious mischief (being violations of State law as mentioned in Code section 7185 — 02(g), supra) committed by appellants during a spree of lawlessness and destruction which in time extended for most of a night. Said violations of law were admitted by Suratt and Holloway. What happened was much more than an isolated childish prank pulled off by model young citizens. Even though no previous formal charges had been filed against the appellants, the trial court upon adjudicating them to be delinquent had the power within its discretion to commit them to a state training school under section 7185-09, supra. As recognized by us in Litdell, supra, the youth court is vested with desirable flexibility in providing for the status of a delinquent youth.
The record shows that Larry Suratt was two years behind in his school work and that he had ceased to attend school entirely after the incidents on January 19, 1972. He said he enjoyed committing the unlawful acts “at the time.” Unfortunately he came from a broken home. Testimony before the trial court indicated that he stays out at night and “follows” the crowd. He failed to obey his father about returning home at night at some designated hour.
The record shows that the other appellant, Johnny Holloway, had already “quit school” after trouble with a school official. He had a history of discipline problems and his school record included evidence showing that he did not properly respect the authority of his teachers. On occasions he refused to obey his parents. He would argue with his parents and lose his temper.
 In summary, there was adequate evidence before the trial court to show that both appellants were within the purview of section 7185-02 (g), supra, defining a “Delinquent child” as one who “violates any State law,” and that over a substantial period of time both of the appellants did not properly deport themselves. We cannot say that the finidings of fact of the lower court- were manifestly wrong. The trial court’s adjudication that both of the appellants were delinquent was amply supported by the evidence when considered together with the applicable code sections, supra. As held by this Court in Williams v. Bush, 199 Miss. 382, 24 So.2d 863 *181 (1946), and in Lit dell, supra, the youth court possesses large discretion and flexibility as to what shall be done with delinquent children. Upon the record before us, we cannot say that such discretion was abused or misapplied.
Ill
Finally, appellants take the position that the lower court erred by interrogating the appellant Johnny Holloway, when he took the witness stand voluntarily, regarding his addressing adult people by their first names and regarding other family affairs. Appellants also complain of the action of the trial court in asking the mother of Holloway about liquor in their home, and in asking Holloway’s father about the prospects of his assisting Suratt financially. No objection was made to these actions of the trial court during the trial. We do not find that such propounding of questions by the trial court was reversible error under the facts and circumstances revealed by the record, and especially where no objection was made.
We note that under said Code sections 7185-04 and 7185-09, supra, the youth court has continuing jurisdiction of both youths who are parties hereto. In Re Green, 203 So.2d 470 (Miss.1967). Almost a year has elapsed since the entry of the orders from which these appeals were taken. There may now be factual issues as to whether or not restrictions placed upon each of the youths by the lower court (pending outcome of said appeals) has produced any resulting rehabilitory benefits. It is not unlikely that the learned chancellor who served as youth court judge herein will determine such factual issues, and in his sound discretion enter such further order or decree as he may find will provide for the best interest of said youths.
Affirmed.
GILLESPIE, C. J., and SMITH, SUGG and WALKER, JJ., concur.