419 So.2d 1032 (1982)
In The Interest of J.E.J.
No. 53761.
Supreme Court of Mississippi.
September 22, 1982.
Patricia F. Dunmore, Natchez, Lillie P. Blackmon, McComb, for appellant.
K. Maxwell Graves, Jr., Meadville, for appellee.
Before PATTERSON, C.J., and ROY NOBLE LEE and PRATHER, JJ.
ROY NOBLE LEE, Justice, for the Court:
J.E.J., a 14-year-old black male, was adjudicated to be a delinquent in the Youth Court Division of the Chancery Court of Franklin County, Honorable Bert H. Jones, presiding, and he has appealed here, assigning seven (7) errors in the trial below. We consider only three (3) of the assignments of error and decline to address the others as being without merit.
On September 16, 1981, a fight occurred on the Franklin County Junior High School campus between J.E.J., a black male, age 14 years, and one Angie Spring, a 15-year-old female. According to the evidence in support of the petitioner, Angie Spring and *1033 three (3) girl friends were walking to Building C of the school during lunch break. As they passed around Building B, appellant jumped off a balcony in front of them and said, "Come here, Baby, and give me some sugar." From that statement, and at the urging of a friend, a fight ensued between appellant and Angie Spring.
Appellant struck Miss Spring on the chin, and hit her again and she fell, striking her head on a post. Appellant then attempted to choke her while she was lying on the ground until another youth pulled appellant off her and Miss Spring's friends picked her up and laid her on a bench. She sustained a bloodshot eye, bruises, cut lips, and a knot on her head. She was taken to the building supervisor's office where she remained thirty (30) to forty-five (45) minutes and then returned to class. However, she later saw a doctor on two occasions and missed two days from school. Appellant was disciplined by a school authority and was suspended three (3) days from school.
The petition charged that appellant was delinquent in that he committed an aggravated assault upon Angie Spring, the charge following the wording of the statute.

I.
The appellant contends that the Youth Court of Franklin County was without jurisdiction of appellant and the subject matter of the petition.
Under this contention, appellant argues that the petition did not charge, nor did the proof show, that venue was established in the Youth Court. However, the petition charged that the act and offense was committed on the Franklin County Public School grounds and the proof followed that charge in the petition. Under the evidence and inferences flowing therefrom, venue was sufficiently proved.
Appellant also argues that the order was void and that the petition should have been dismissed because of the reference to a non-existent statute. That part of the order follows:
That under the evidence JEJ is hereby adjudicated to be a delinquent child within the meaning of the Youth Court Act of Mississippi, Section 43-21-1, et seq., Code of 1972, as Amended, inasmuch as the allegations of the Petition filed herein proved to the satisfaction of the Court beyond a reasonable doubt that said minor child had committed the crime of Aggravated Assault.
Mississippi Code Annotated § 43-21-1 (1972), had been repealed, and superseded by Mississippi Code Annotated § 43-21-101 (Supp. 1981), which set out and accomplished the same purpose.
The order adjudicated appellant to be a delinquent child for the reasons stated therein, and the error in citing the incorrect section of the Youth Court Act did not vitiate the order or deny the Youth Court jurisdiction of the matter. See Jones v. State, 244 Miss. 256, 142 So.2d 36 (1962).

II.
Appellant next contends that the order of the Youth Court is against the overwhelming weight of the credible evidence.
We have carefully considered all the evidence in the record and conclude that there was an issue of fact to be decided by the chancellor, which issue was resolved against the appellant. While it is true that the facts may have constituted simple assault rather than aggravated assault, it is also true that simple assault is a lesser-included offense of aggravated assault and simple assault, under proper conditions, could result in the delinquency of a child as effectively as aggravated assault. Therefore, we are of the opinion that the adjudication of delinquency was not against the overwhelming weight of the evidence. See In the Interest of Suratt, 273 So.2d 178 (Miss. 1973).

III.
Appellant contends that the court erred in failing to follow the statutes requiring a separate dispositional hearing.
*1034 At the conclusion of the evidence, the chancellor rendered his opinion and entered an order adjudicating appellant to be a delinquent child, ordered that he be committed to Oakley Training School for rehabilitation for such time as deemed advisable by the administrator of said training school, or until he attained either his eighteenth or twenty-first birthday, depending upon the judgment of the administrator. The chancellor suspended the commitment and placed appellant on probation for three (3) years on the condition that he not violate any school rules of a serious nature or laws of the State of Mississippi or of any municipality.
Appellant contends that the adjudicatory hearing and the disposition hearing were combined and that there was no disposition hearing. Mississippi Code Annotated § 43-21-601 (1972) provides:
(1) If the child has been adjudicated a delinquent child, a child in need of supervision, a neglected child or an abused child, the youth court shall immediately set a time and place for a disposition hearing which shall be separate, distinct and subsequent to the adjudicatory hearing. The disposition hearing, however, may be held immediately following the adjudicatory hearing unless a continuance is necessary to allow the parties to prepare for their participation in the proceedings.

(2) If the child has been taken into custody, a disposition hearing shall be held within fourteen (14) days after the adjudicatory hearing unless good cause be shown for postponement. (Emphasis added).
The statute mandates that, after a child has been adjudicated a delinquent child, the Youth Court shall immediately set a time and place for a disposition hearing which shall be separate, distinct and subsequent to the adjudicatory hearing. It also provides that such hearing may be heard immediately following the adjudicatory hearing. Here, the court could have adjourned for fifteen (15) minutes, the entire record could have been offered in evidence and he could then have entered a disposition order. Similar procedures are followed in capital murder cases where guilt and the death penalty are considered by the jury in a bifurcated trial, which consists of the guilt phase and a sentencing phase. In most cases, the sentencing phase begins immediately after the accused is found guilty and is usually before the same jury.
We are of the opinion that the lower court erred in not following Section 43-21-601, and that the judgment should be affirmed as to the adjudicatory part and should be reversed and remanded for a disposition hearing, as required by the statute.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
PATTERSON, C.J., SUGG and WALKER, P. JJ., and BROOM, BOWLING, HAWKINS, DAN M. LEE and PRATHER, JJ., concur.