BOLTON *v.* STATE.

(Division A.   March 6, 1933.   Suggestion of Error Overruled March 20, 1933.)

[146 So. 453.   No. 30454.]

A. T. L. Watkins, of New Augusta, for appellant.

292

W. D. Conn, Jr., Assistant Attorney-General, for the state.

**Smith, C. J.,** delivered the opinion of the court.

This is an appeal from an order directing the execution of a suspended criminal sentence. The appellant's complaints are: (1) That the sentence originally imposed is excessive; (2) that the suspension of the execution of the

sentence was for an indefinite period and therefore void, and that, the term of court at which the judgment suspending the sentence was rendered having passed, the court was without power to order the sentence to be executed; (3) that, if the suspension of the sentence is valid, the appellant was not shown to have violated the terms thereof; and (4) that the court was without power to revoke the suspension of the sentence, for the reason that the judgment of which the suspension is a part was rendered more than two years before the order of revocation was entered.

The indictment on which the original judgment of conviction was rendered is not in the record, and, although the appellant had ample opportunity so to do, he failed to make it a part thereof. The judgment does not disclose the offense for the commission of which the appellant was seterfced; its language is as follows:

"Comes the district attorney who prosecutes for the state and the defendant, Tom Bolton in his own proper person, who had been arraigned at a former day of this term of the court for a plea to the indictment against him and having plead guilty to the charge against him is again caused to stand before the bar of the court and asked if he had any thing to say why the court should not pronounce the sentence against him, said naught. It is therefore considered by the court that the defendant be and he is hereby sentenced to pay a fine of two hundred dollars and all cost of court in this cause and to serve thirty days in the county jail, one hundred dollars of said fine and said jail sentence is suspended during the good behavior of the defendant."

It appears from the briefs of counsel and from other portions of the record, but not in such form as to justify our acting thereon, that the conviction was for some violation of our intoxicating liquor laws. Counsel for the appellant says that the sentence was imposed under sec-

tion 2265, Hemingway's Code 1927, but the Assistant Attorney General says that it was imposed under section 17, chapter 189, Laws 1918. The record does not enable us to say which contention is correct, and, since the appellant could have eliminated this difficulty by having the indictment made a part of the record, we must assume that the sentence imposed was under a statute so permitting.

In support of his second contention, the appellant, through his counsel, says that sections 1338 and 1339, Hemingway's Code 1927, sections 1298 and 1299, Code 1930, authorize the suspension of a sentence for only a definite period. It will not be necessary for us to determine whether this is true, for, if the suspension of the sentence is void, then it could have been treated as a nullity, and the appellant as being at all times subject to its execution, Fuller v. State, 100 Miss. 811, 57 So. 806, 39 L. R. A. (N. S.) 242, Ann. Cas. 1914A, 98; or, if the court which imposed the sentence desired, it could thereafter at any time order the sentence to be executed. Compare Gibson v. State, 68 Miss. 241, 8 So. 329; Ex parte United States, 242 U. S. 27, 37 S. Ct. 72, 61 L. Ed. 129, L. R. A. 1917E, 1178, Ann. Cas. 1917B, 355; Miller v. Aderhold, 53 S. Ct. 325, 77 L. Ed. —.

If the suspension and the terms thereof are valid, then the appellant says that the evidence affirmatively discloses that the terms of the suspension were not violated. He was indicted for the unlawful sale of intoxicating liquor, and a day or two before the suspension of the sentence was revoked that indictment was nol prossed, and the defendant discharged therefrom. This the appellant says was equivalent to an acquittal, and therefore is an adjudication that the appellant was not guilty of the crime charged, and therefore had not violated the terms of the suspension. There is no merit in this contention for two reasons: (1) The nol pros was not the

equivalent of an acquittal; and (2) an actual acquittal of a particular crime would not have negatived the commission by the appellant of other crimes. The evidence on which the court revoked the suspension of the sentence is to the effect that the appellant resided by the side of a road, that automobiles were frequently parked near thereto, and people were seen to enter his residence sober and return therefrom intoxicated, and that he himself was frequently seen also intoxicated. This is sufficient for the purpose of deciding the appellant's good behavior vel non, and warranted the court in holding that he continued not only to possess but to distribute intoxicating liquor.

While the record does not disclose the date of the rendition of the judgment of conviction and suspension of sentence, it is said by counsel for the appellant, and the Assistant Attorney-General seems to admit, that it was rendered more than two years before the revocation of the suspension, and counsel for the appellant says that the court's power to revoke the suspension of the sentence terminated at the expiration of two years from its imposition, citing in support thereof sections 1388 and 2271, Hemingway's Code 1927, sections 1349 and 1998, Code 1930. These statutes have no bearing hereon.

Affirmed.