## McLemore *v.* State.

(Division B. June 11, 1934. Suggestion of Error Overruled Sept. 11, 1934.)

[155 So. 415. No. 31275.]

**Hearst & Pittman** and **H. W. Pittman**, all of Hattiesburg, for appellant.

**W. D. Conn, Jr.**, Assistant Attorney-General, for the state.

**Anderson, J.**, delivered the opinion of the court.

This is an appeal from the circuit court of Forrest county from a judgment of the court revoking and annulling a suspended sentence theretofore entered against appellant upon conviction of the unlawful possession of intoxicating liquor, appellant being required by the order appealed from to serve out that part of the sentence suspended. From the order of revocation, the appellant prosecutes this appeal.

At the November, 1933, term of the circuit court appellant was convicted of the crime of unlawfully possessing intoxicating liquor and sentenced to pay a fine of three hundred dollars and costs, and to serve a term of ninety days in jail. The court suspended one-half of the fine and all the jail sentence "during the good behavior of defendant." The authority of the court for that action is contained in section 1298, Code 1930, which provides that the circuit courts, in misdemeanor cases, are authorized to suspend sentences and execution of sentences,

or any part thereof, "on such terms as may be imposed by the judge of the court."

At the January term, 1934, of the court appellant was cited, under section 1300, Code 1930, to appear before the court and show cause, if any he could, why he should not be required to serve the jail sentence and pay the balance of the fine. The pertinent part of that section is that whenever a suspended sentence is granted, based upon conditions which the offendor has violated or failed to observe, the judge of the court granting such suspension in vacation or in term time shall have authority to annul and vacate such suspended sentence if "convinced by proper showing" of such violation.

The evidence tended to show that after the conviction and sentence, appellant was not only guilty of the unlawful possession of intoxicating liquor but of its manufacture as well.

The appellant contends that the evidence was not sufficient to show he had violated the condition of the suspension. There is not enough merit in this contention to require discussion by the court. The evidence was ample to show that appellant was guilty not only of the unlawful possession of intoxicating liquor but also was engaged in the unlawful manufacture of it.

Appellant contends further that, under the law, it was incumbent on the state to show by evidence beyond a reasonable doubt that the condition of the suspension was violated, and that the evidence failed to meet that requirement. Appellant's contention is based on the theory that this was a criminal trial. That is not true. The criminal trial had taken place at a previous term of the court. Appellant had been convicted and final judgment had been rendered. This is not an appeal from the final judgment, but from an order or judgment rendered in a merely administrative proceeding. Sections 1298, 1299, and 1300, Code 1930, do not contemplate a criminal trial. They are statutes for the purpose alone of prescribing the manner of administering the sentence upon conviction;

they are purely administrative statutes. If the proceeding were a criminal trial, under the constitution, a jury would be required. It is only necessary that the court be convinced that the condition of the suspension has been violated.

The writer of this opinion doubts that there is any appeal from an order or judgment of this character. Certainly this is not an appeal from the final judgment of conviction; the time has long since expired for that. However, this question is not raised by the state, and it is not necessary to decide it in order to dispose of this appeal. In Bolton v. State, 166 Miss. 290, 146 So. 453, the question of the right of appeal was not raised and not decided.

Affirmed.