COOPER *v.* STATE.

(Division B.    May 18, 1936.)

[168 So. 53.    No. 32201.]

**Hearst, Pittman & Pittman,** of Hattiesburg, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**Griffith, J.**, delivered the opinion of the court.

On July 10, 1935, appellant entered a plea of guilty to an indictment for the unlawful possession of intoxicating liquors, and the court sentenced him to pay a fine of five hundred dollars and to serve ninety days in jail; but all of the said sentence except one hundred fifty dollars and thirty days was suspended during the good behavior of the defendant. On December 3, 1935, the

district attorney filed a petition to have the defendant cited to show cause why the suspension should not be revoked, upon which petition the circuit judge ordered citation to issue, requiring the defendant to appear before the court on January 3, 1936. On that day a public hearing was had, and upon the evidence adduced, the court revoked the former suspension of sentence, and required the defendant to pay the remainder of the fine and to serve the remainder of the days of imprisonment. From the order of the court revoking the suspension, the defendant has appealed, assigning as his ground of complaint that the evidence was not sufficient to show that he had been guilty of misbehavior.

The state has raised the question that no appealable case is here presented, and, as foreshadowed in McLemore v. State, 170 Miss. 641, 155 So. 415, we are of the opinion that the point is well taken and must be sustained. It has been settled from an early day in this state that appeals to the supreme court are not matters of right under the common law, but are allowable only in the cases and in the manner provided by statute. Section 16, Code 1930, is the statute which allows appeals to the Supreme Court by defendants in criminal cases, and that section reads as follows: "Any person convicted of an offense in a circuit court may appeal to the Supreme Court, provided, however, an appeal from the circuit court to the Supreme Court shall not be allowed in any case where the defendant enters a plea of guilty."

This is not an appeal from the conviction; for the conviction had already become an accomplished and final fact on July 10, 1935, and, moreover, no appeal from the conviction was allowable because, as already stated, there was a plea of guilty. The appeal attempted to be taken here is from an order of the circuit judge entered under section 1300, Code 1930, which authorizes the judge to revoke the suspension of a sentence; and neither the section last cited nor the two preceding related sec-

tions make any mention of an appeal in respect to things done thereunder.

The fine of five hundred dollars and the sentence of ninety days in jail imposed by the circuit judge at the time of the conviction were within the limits provided by law; wherefore the amount of the fine and the number of days in jail were matters committed to the sole judgment of the trial judge. What the trial judge did in this respect within the statutory limitations was not reviewable here, was not assignable as error on appeal, and hence was not an appealable matter, solely considered. The trial judge had the power and authority, not subject to any review here, to require the convict to pay the entire fine of five hundred dollars and to serve the entire ninety days in jail at once upon his plea of guilty. And since the trial judge could order the whole of the fine and sentence to be executed at once, the convict can have no appealable grievance that the judge required one hundred fifty dollars to be paid and thirty days of the sentence served at once, and later required the remainder of the fine to be paid and the remainder of the jail sentence to be served. It was a matter of grace and solely within the discretion of the trial judge to suspend part of the fine and jail sentence, and when that has been done, all that the statute requires in respect to the order of revocation of the suspension is that the trial judge shall be convinced by a proper showing that the condition of the suspension has been broken by the convict, and, as heretofore stated, the statute, section 1300, Code 1930, makes no mention of an appeal.

The sections of the statute, sections 1298-1300, Code 1930, authorizing suspended sentences in whole or in part in misdemeanor cases and the subsequent revocation of the suspension have been used by the circuit judges of the state to accomplish good results in probation and reformation. Some judges require that all those under suspended sentence shall appear on the opening day of each criminal term in the county, and after the

grand jury has been charged, but before retiring to their room, the sheriff is required to call the names of all those under suspended sentence from a list furnished by the clerk; and, as each name is called, the person called is required to come before the bar of the court and give an account of his conduct, and the court thereupon calls upon all officers and other persons present to rise and state whether they or any of them know of any misconduct on the part of the convicted person under such suspended sentence. And the entire list is thus called and dealt with, and if, as to any one of those called, any officer or other person present publicly suggests that a further or more definite investigation ought to be made, the party against whom the suggestion is made is thereupon notified to be present on a subsequent day when witnesses will be heard.

Other judges use other methods; but so long as the hearing with respect to revocation of suspended sentence is a public hearing upon reasonable notice, and is upon evidence sufficient to convince a reasonable person that the conditions of the suspension have been broken, the convict has no recourse when the judge revokes the suspension except to serve the sentence and pay the fine in so far as theretofore suspended; and in any event, he has no recourse by way of appeal. If a circuit judge should undertake to revoke a suspension without giving the convict an opportunity to be publicly heard, or should act ex parte upon private representations made to him, or if having granted a public hearing no evidence of a substantial nature is offered against the convict, we do not hold that the convict would be without remedy, but we do say that an appeal is not the remedy.

Appeal dismissed.