MASON *v.* COCHRAN, SHERIFF.

In Banc. May 8, 1950.

No. 37607 (46 So. (2d) 106)

Frank Clark, and Homer Pittman, for appellant.

**George H. Ethridge,** Assistant Attorney General, for appellee.

McGehee, C. J.

Release from custody was sought by the appellant, Julian C. Mason, on petition for habeas corpus against the appellee, James C. Cochran, Sheriff of Wayne County, on the ground that the action of the circuit judge on September 5, 1949, in revoking a suspended sentence imposed by him against the appellant on July 19, 1948, on a criminal charge, and in ordering him to be held by the sheriff in the county jail until he had paid $400 of the suspended portion of the fine and served four months of the suspended jail sentence, was null and void for the want of due process of law for the reason that the order declaring the suspended sentence to be revoked in that regard was without notice to the appellant and made in his absence; and because no public hearing was held on the ex parte application of the officers to have the suspension revoked, and no opportunity was otherwise afforded the appellant to be heard as to whether or not he had violated the conditions on which he was granted his liberty by the court at the regular 1948 term thereof.

The appellant had plead guilty at the said July 1948 term of the court to a willful trespass under an indictment for grand larceny, and was sentenced to serve six

months in the county jail and pay a fine of $500 and all court costs. This judgment was thereupon suspended upon payment of $50 of the fine and all of the court costs. The suspension of the sentence which had been imposed was "during his good behavior". The judgment recited that it was agreed that the court would have the right to revoke the suspended portion of the sentence in the event the defendant in that case should be guilty of any violation of the laws of the State, and that this could be done in vacation or term time.

The contention is therefore made on behalf of the appellee that the defendant in that case had notice from the terms of the judgment that the suspended portion of the sentence could be revoked at any time upon his becoming guilty of a violation of the criminal laws. But, the precise question here involved is how, and upon what notice, and at what sort of a hearing, the issue should be determined as to whether or not the defendant had been guilty of any misbehavior or violation of the law subsequent to the suspension of his sentence.

It was conceded upon the hearing of the petition for writ of habeas corpus that the revocation of the suspension of sentence, to the extent hereinbefore mentioned, took place in the hospital at Meridian, where the circuit judge was confined as a patient, upon the ex parte application of the sheriff and county attorney, and which was concurred in by the district attorney, and at a time when the appellant was confined in jail at Waynesboro on pending charges for violations of the law. And, it is therefore further conceded that there was no public hearing on the application of the officers for a revocation of the suspended sentence, and that the hearing at the hospital was without any notice to appellant.

However, at the habeas corpus hearing the respondent therein made proof that the petitioner in the case had in fact plead guilty to selling whiskey, to an assault, and some other misdemeanor subsequent to the suspension of his sentence in July 1948. These violations of the law

were shown to be disclosed by the judgments entered in each case, without any appeal therefrom. But, at the close of the habeas corpus hearing the trial judge did not revoke anew the suspended sentence on the proof adduced in open court but dismissed the petition for habeas corpus in reliance upon the revocation of the sentence made at Meridian on September 5, 1949, in the absence of the defendant and without notice to him. The effect of the dismissal of the petition for habeas corpus was to hold that the defendant was not being illegally confined in jail by the sheriff, as alleged in his petition, but that his confinement therein was lawful by reason of the prior revocation of his suspended sentence.

It is conceded on this appeal that there is no prior decision of this Court which expressly decides the exact question here involved,—as to notice and a public hearing. But Section 2543, Code of 1942, provides that: "Whenever any court granting a suspended sentence, . . . based on conditions which the offender has violated or failed to observe, shall be convinced by proper showing, of such violation of sentence . . . the judge of the court granting such suspension of sentence . . . shall be authorized to annul and vacate such suspended sentence . . ." The statute also authorizes this to be done either in vacation or in court time. The constitutionality of this statute was upheld in Gabriel v. Brame, Sheriff, 200 Miss. 767, 28 So. (2d) 581.

It is to be noted from the pertinent provisions of the above-mentioned statute there is no specific provision for notice to the defendant, or requirement that the revocation of the suspended sentence shall be at a public hearing. However, in the case of Cooper v. State, 175 Miss. 718, 168 So. 53, 54, the Court said: "Other judges use other methods; but so long as the hearing with respect to revocation of suspended sentence is a public hearing upon reasonable notice, and is upon evidence sufficient to convince a reasonable person that the conditions of the suspension have been broken, the convict has

no recourse when the judge revokes the suspension except to serve the sentence and pay the fine insofar as theretofore suspended; and in any event he has no recourse by way of appeal. If a circuit judge should undertake to revoke a suspension without giving the convict an opportunity to be publicly heard, or should act ex parte upon private representations made to him, or if having granted a public hearing no evidence of a substantial nature is offered against the convict, we do not hold that the convict would be without remedy, but we do say that an appeal is not the remedy.''

The Court had theretofore in the cases of Bolton v. State, 166 Miss. 290, 146 So. 453, and McLemore v. State, 170 Miss. 641, 155 So. 415, pretermitted a decision of the question as to whether or not an appeal would lie from a revocation of a suspended sentence. It will be noted, however, that in the McLemore case, there was due notice given the defendant before the suspension was revoked, and that in the Cooper case, the opinion clearly contemplates that there shall be a public hearing after proper notice to the defendant before a suspension is revoked. If it is to be contended that the language of the Court in the Cooper case hereinbefore quoted was unnecessary to the decision in view of the fact that the Court held that the appeal under consideration did not lie from an order of revocation, then █ we hereby adopt as decision what was therein suggested as being required, since we are of the opinion that a public hearing after due notice to a defendant is more in keeping with due process of law than the revocation of a suspended sentence on an ex parte application that may be heard wherever the judge may be found in the district while the defendant is absent.

In the case of State, v. Zolantakis, 70 Utah 296, 259 P. 1044, 54 A. L. R. 1463, it was held that one whose sentence is suspended during good behavior, without any other limitation, has a right to a hearing as to whether or not he has complied with the conditions imposed; that the

person affected has a vested right to rely on a suspended sentence so long as the conditions thereof are complied with; that legal procedure requires that the court shall hear before it condemns, and that one under suspension of sentence during good behavior cannot be arrested before a citation to show cause is served upon him. Moreover, the Annotation to this case in 54 A. L. R. 1471 states that: ''In nearly every jurisdiction wherein the question has been raised, it has been held that a convicted defendant, released under a suspended sentence, is entitled to notice and a hearing on the issue whether he has broken the conditions of the suspension of sentence, before the suspension may be revoked. Ex parte Lucero, (1917) 23 N. M. 433, 168 P. 713, L. R. A. 1918C, 549; State v. Phillips (1923) 185 N. C. 614, 115 S. E. 893. And see the reported case (State v. Zolantakis, [70 Utah 296, 259 P. 1044, 54 A. L. R.] 1463). See also State v. Sullivan (1923) 127 S. C. 186, 121 S. E. 487; State v. Maes (1923) 127 S. C. 397, 120 S. E. 576.''

We pretermit any expression of opinion as to whether or not the presiding judge at the habeas corpus hearing could have thereupon entered a new order revoking the suspension of sentence, basing his decision on the proof of subsequent law violations made at such hearing, since the court did not take such action in the instant case and the question is not properly before us. The petition for habeas corpus was merely dismissed on the ground of the previous revocation of the suspension of sentence without notice to the appellant, and upon the theory that he was not therefore being illegally confined when the habeas corpus proceeding was instituted; and on the further ground that in February 1949, long prior to the revocation of the suspended sentence on September 5, 1949, there had been instituted a proceeding to have the suspended sentence revoked and due notice was then given to the defendant in that behalf. However, on the date set for such hearing, the application for revocation was thereupon continued, and was never thereafter dis-

posed of, and no further notice was given him as to when a hearing would ever be held on that, or any subsequent, application for the revocation.

It is true that judgments of conviction of law violations rendered subsequent to the suspension of a sentence, and which are unappealed from, should constitute a sufficient showing that the conditions of the suspension had been violated, but even in such case the defendant would be entitled to an opportunity to be heard as to whether the affidavits or indictments alleged any crime known to the law, and as to whether or not he had in truth and in fact been guilty of any misbehavior after first showing, if he could, that the judgments of conviction were void.

The cause must therefore be reversed and the appellant discharged until such time as the suspended sentence may be revoked, if at all, in compliance with due process of law as to notice and an opportunity to be heard at a public hearing.

Reversed and judgment here for the appellant accordingly.