SHOOK *v.* STATE.

Division A. Nov. 5, 1951.

No. 38119 (54 So. (2d) 728)

**Finch & Finch,** for appellant.

**Geo. H. Ethridge,** Assistant Attorney General, for appellee.

**Holmes, C.**

This is an appeal from a judgment of the Circuit Court of Prentiss County, rendered in vacation and denying to appellant his discharge on the hearing of a writ of habeas corpus.

Two indictments were returned against the appellant at the February, 1947, term of the Circuit Court of Prentiss County, one charging him with the unlawful possession of intoxicating liquor, and the other charging

him with the unlawful sale of intoxicating liquor.  He entered a plea of guilty to each of the indictments and sentences were imposed by the court and a part of the sentences suspended during good behavior.

At the February, 1950, term of the Circuit Court of Prentiss County, the state, through the district attorney, filed a petition to the court to have the suspensions of sentences revoked, alleging that the conditions on which said suspensions were based had been violated in that the appellant had since been guilty of violations of the liquor laws, and praying that appellant be cited to show cause why the suspensions of sentences should not be revoked.  The appellant was duly cited and the petition set for hearing in vacation, and the appellant appeared to, answered, and contested the petition.  On the hearing of the petition, the court revoked the suspensions and appellant sought relief therefrom through the habeas corpus proceedings out of which this appeal arises.

Appellant contends that the orders of revocation were void because not supported by competent, relevant, and material evidence, and that, therefore, he was entitled to be discharged in the habeas corpus proceedings.  We are unable to concur in this contention.  ██ Section 2543, of the Miss. Code of 1942, authorizes the judge of the court to revoke a suspended sentence if convinced by proper showing that the conditions of the suspension have been violated.  It was held in the case of McLemore v. State, 170 Miss. 641, 155 So. 415, that the violation of the conditions need not be established beyond a reasonable doubt but only by evidence convincing the court of such violation.  ██ We think this record discloses that there was competent, relevant and material evidence of a substantial nature before the court, sufficient to warrant the court in finding that the conditions of the suspensions had been violated, and since it affirmatively appears from the record that in the proceedings for the revocation of the suspensions, the appellant was given due notice and an opportunity to be heard and was ac-

corded a public hearing, we are of the opinion that the orders of revocation were valid. Such conclusions conform to the principles announced in the cases of Cooper v. State, 175 Miss. 718, 168 So. 53, and Mason v. Cochran, 209 Miss. 163, 46 So. (2d) 106. It follows that the judgment of the court below is affirmed.

Affirmed.

PER CURIAM.

This opinion is adopted as the opinion of the Court and for the reasons therein indicated, the judgment of the court below is affirmed.