## MURPHY *v.* LAWHON, Sheriff.

Mar. 3, 1952.

No. 38390 (57 So. (2d) 154)

Ramon L. Burgess, for appellant.

Geo. H. Ethridge, Assistant Attorney General, for appellee.

**Kyle, J.**

This is an appeal by Wilson Murphy, the petitioner in a habeas corpus proceeding from the judgment of the Circuit Court of Lee County remanding the petitioner to the custody of the sheriff for confinement in the county jail pursuant to a judgment of the court revoking the suspension of sentence in a case wherein the defendant was convicted of the unlawful possession of intoxicating liquor.

The appellant, at the November 1948 Term of the Circuit Court, pleaded guilty to charges of unlawful possession of intoxicating liquor and of unlawful transportation of intoxicating liquor, and was sentenced in each case to pay a fine of $500 and serve three months in the county jail. Two hundred dollars of the fine and the three months jail sentence in each case was suspended during good behavior. On May 12, 1951, the district attorney filed a petition requesting that the suspension be revoked on the ground that the appellant on April 25, 1951, had been guilty of the unlawful operation of a motor vehicle on the public highway while under the influence of intoxicating liquor, and that such conduct constituted a breach of the conditions of the suspension of sentence. A hearing was conducted by the court upon the petition filed by the district attorney, and the court found that the appellant had violated the conditions of the suspension in each of the above mentioned cases by driving a motor vehicle on the public highway while under the influence of.intoxicating liquor; and the court entered an order revoking the suspension of sentence in the case wherein the appellant had been convicted of the unlawful possession of intoxicating liquor and remanding the appellant to the custody of the sheriff for the purpose of requiring the appellant to

pay the balance of the fine and to serve the three months jail sentence imposed upon him in that case. The appellant thereupon filed a petition for a writ of habeas corpus to obtain a release from custody under the above mentioned order of revocation.

The appellant's attorney in his brief argues two points on this appeal: (1) That the finding of the trial judge that the petitioner had broken the conditions of the suspension was against the overwhelming weight of the evidence; and (2) that the trial judge erred in permitting the district attorney on cross-examination of the appellant to interrogate the appellant as to other acts of misconduct not set out in the petition for revocation.

A transcript of the testimony taken in the hearing upon the petition filed by the district attorney for the revocation of the suspension of sentence was made a part of the record at the hearing upon the petition for the writ of habeas corpus. There was a direct conflict in the testimony of the witnesses for the State and the testimony of the witnesses for the defendant. The testimony of the State's witnesses that the appellant was driving the automobile in which he was riding at the time the automobile left the highway, and that he was under the influence of intoxicating liquor was contradicted by the testimony of the defendant and the defendant's witnesses. But there was ample evidence to support the finding of the trial judge that the appellant was driving the automobile and that he was under the influence of intoxicating liquor; and on a hearing of this kind this Court will not reverse the decision of the lower court on an issue of fact, when that decision is supported by substantial evidence.

The question as to the amount of proof required to justify the trial judge in revokng a suspended sentence was discussed in the opinion of this Court rendered by Judge Anderson in the case of McLemore v. State, 170 Miss. 641, 155 So. 415. In that case the Court made it clear that a hearing upon a petition for revoca-

tion of a suspension of sentence is not in the nature of a criminal trial, and that it is not incumbent upon the State in a proceeding of this kind to show beyond a reasonable doubt that the defendant has violated the conditions of the suspension order. It is only necessary that the evidence be sufficient to convince the court that the conditions of the suspension have been violated.

In the case of Cooper v. State, 175 Miss. 718, 168 So. 53, 54, the Court again had under consideration an appeal attempted to be taken from an order of the circuit judge revoking the suspension of a sentence; and in that case the Court said: ''It was a matter of grace and solely within the discretion of the trial judge to suspend part of the fine and jail sentence, and when that has been done, all that the statute requires in respect to the order of revocation of the suspension is that the trial judge shall be convinced by a proper showing that the condition of the suspension has been broken by the convict''. The Court also said in that case that, ''so long as the hearing with respect to revocation of suspended sentence is a public hearing upon reasonable notice, and is upon evidence sufficient to convince a reasonable person that the conditions of the suspension have been broken, the convict has no recourse when the judge revokes the suspension except to serve the sentence and pay the fine in so far as theretofore suspended''.

The rule laid down in the above mentioned cases has been reaffirmed and applied in the later cases of Mason v. Cochran, Sheriff, 209 Miss. 163, 46 So. (2d) 106, and Shook v. State, Miss., 54 So. (2d) 728. And the rule thus stated by our own Court is amply supported by the decisions of other courts.

In the case of State v. Everitt, 164 N. C. 399, 79 S. E. 274, 277, 47 L. R. A., N. S., 848, the Court said: ''When the judgment was suspended the defendant assumed the obligation of showing, to the satisfaction of the court, from time to time, that he had demeaned himself as a good citizen and was worthy of judicial clemency.

Whether or not he had so demeaned himself was not an issue of fact to be submitted to a jury, but a question of fact to be passed upon by the court. It was a matter to be determined by the sound discretion of the court, and the exercise of that discretion, in the absence of gross abuse, cannot be reviewed here.'' In the case of Ex parte Alvarez, 50 Fla. 24, 39 So. 481, 111 Am.St.Rep. 102, 7 Ann.Cas. 88, the Court held that if the violation of, or non compliance with the condition or conditions of the pardon be shown to the satisfaction of the court without any legal reason or excuse therefor, the convict shall be remanded to custody and ordered to have the original sentence imposed upon him duly executed or so much thereof as has not been already suffered by him. A like opinion was expressed by the Oklahoma Court in the case of Ex parte Ridley, 3 Okl. Cr. 350, 106 P. 549, 26 L.R.A., N.S., 110.

We think that the evidence in the case that we now have before us was sufficient to convince a reasonable person that the conditions of the suspension had been broken, and that the court was justified in revoking the suspension and ordering the appellant to be taken into custody for the purpose of having him serve the remainder of the sentence imposed upon him by the court.

As to the second point argued by the appellant's attorney in his brief, the cross-examination of the appellant by the district attorney was intended primarily to test the truthfulness of the statements made by the appellant on direct examination that he was not drinking at the time the automobile in which he was riding left the highway, and that he was not driving the automobile. The State's witnesses had testified that when they found the appellant in the automobile immediately after the accident he appeared to be drunk and that they smelled whiskey on his breath. The appellant, on his direct examination, had denied that he was intoxicated when the State's witnesses found him in a dazed condition on the front seat of the automobile in which he was riding. The district attorney during the cross-examination questioned him about his drinking of intoxicating liquors during the last

several months and asked him how long it had been since he had had whiskey in his possession. The witness was of course an unwilling witness as to these matters and gave very evasive answers. The district attorney asked him "When was the last time you sold any whiskey?" and to that question the witness replied, "It might have been four years ago." He was then asked "When was the last time you were drunk?" and he replied, "I don't know." The district attorney then asked him if he had not been convicted and paid a fine for being drunk and creating a disturbance at Dr. Ford's house. The appellant admitted that he had paid a fine for being drunk.

The court did not abuse its discretion in permitting the district attorney to conduct a thorough cross-examination of the appellant, who was testifying voluntarily as a witness in his own behalf, for the purpose of testing the truthfulness of his statements and for the purpose of determining whether he had been guilty of such misconduct as would justify the revocation of the suspension. No effort was made by the disrict attorney to prove by other witnesses any acts of misconduct not set out in the petition for revocation. The range of the inquiry upon a hearing of this kind must be left largely to the discretion of the trial judge. The purpose of the inquiry is to determine whether the defendant has been guilty of such misconduct since the suspension was granted as would justify the court in revoking the suspension. And as stated by Judge Griffith in Cooper v. State, supra, ▋▋ such hearings are often conducted in an informal manner and so long as the hearing is a public hearing upon reasonable notice and is fairly conducted and the evidence is sufficient to convince a reasonable person that the conditions of the suspension have been broken, this Court will not undertake to substitute its judgment for that of the trial judge.

The judgment of the lower court is therefore affirmed. Affirmed,

**Roberds, Hall, Lee** and **Ethridge, JJ.,** concur.