203 So.2d 470 (1967)
In the Interest of Tommie Lee GREEN, a child.
No. 44549.
Supreme Court of Mississippi.
October 16, 1967.
Motion for Stay of Judgment Denied November 6, 1967.
*471 L. Lackey Rowe, Jr., Jackson, for appellant.
Joe T. Patterson, Atty. Gen., by R. Hugo Newcomb, Sr., Asst. Atty. Gen., Jackson, for appellee.
ETHRIDGE, Chief Justice:
This is an appeal by Tommie Lee Green, a child under the age of eighteen years, from an order of the Youth Court of Grenada County transferring his custody from his parents to the Superintendent of the Oakley Training School. That order was grounded upon the Youth Court's finding that Green had violated the conditional probation that he was under as a result of an earlier proceeding in that court wherein Green had been adjudicated a delinquent child. We affirm.
The County Attorney of Grenada County filed a petition with the Youth Court alleging that Green, a Negro boy then of the age of fifteen years and one month, was a delinquent child because he had stolen an automobile. Process was had on the youth, his father and stepmother. After a hearing, the court concluded that Green was a delinquent or neglected child, continued the matter until the next term, and held:
The Court is of the opinion that it would be for the best interest of said minor child that he be placed in the care and custody of his parents with the following restrictions: 1) That he be in the house from 7:00 P.M. to 7:00 A.M. unless in the immediate custody of both parents; 2) That he stay out of all trouble; 3) That he and both parents report to the Sheriff once a month; 4) That he be in Youth Court at 9:00 A.M. on the first Monday of May; and his father is put on probation pending his being at the next Youth Court hearing.
And the Sheriff of Grenada County, Mississippi, is hereby directed to deliver the said minor child to the natural parents and there to be and remain until the further order of this court. The Court hereby retains jurisdiction of this matter and reserves the right to change or modify this order at any time.
Again in May and September 1966, the court heard evidence and reached the same conclusions, retaining jurisdiction. In October 1966 the county attorney filed another petition reciting the foregoing facts, and charging that Green had failed to comply with the second requirement of the court's order, "that he stay out of all trouble," in that he left his classroom at Grenada's John Rundle High School at 10 A.M. and went to the Carrie Dotson High School, urging other students to walk out of classes during the regular school period, and in other ways disrupting classes at both of the schools. The petition asked the court to adjudge that the youth had violated the conditions of his placement, and to show cause why he should not be committed to the state training school, or his custody otherwise be changed. On this *472 petition there was process and a full hearing, with a transcript of the testimony.
The Youth Court again found that Green was a delinquent child. He had violated the conditions of his probation, and it would be for his best interest that he be placed in the Oakley Training School. An appeal was taken from this order, with supersedeas being granted by a judge of this Court pending appeal. This was a reviewable order under the specific provisions of the statute authorizing appeals to this Court from "orders or decrees" of the Youth Court. Miss.Code 1942 Ann. § 7185-24 (1952).
The facts are not in dispute. Green admitted that he walked out of John Rundle High School around 10 A.M. while it was in session. There were police stationed at the front entrances to Carrie Dotson School, but Green and two other boys went around to the rear and entered it, in an attempt to get some of the students to leave. He and his friends were trying to convince the Carrie Dotson students to come out for a demonstration. Green unquestionably was disturbing classes in his attempt to persuade the students to leave. He walked into several of the classrooms, talking loudly and generally creating quite a disturbance by antics, which included beating on a steel cabinet with his hands. He refused to leave despite the requests of the teachers.
The record reflects full compliance by the Youth Court with the requirements of substantive and procedural due process of law. See Application of Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967).
Appellant contends that the condition of his probationary custody with his parents, that "he should stay out of all trouble," is so vague as to violate the due process clause of the Fourteenth Amendment. The Youth Court Act gives that tribunal the power to place a child under supervision in his own home or in that of a relative "under such terms as the court shall determine and direct." Miss.Code 1942 Ann. § 7185-09 (Supp. 1966). Although criminal probation statutes are not pertinent to juveniles, they are relevant to the basic question of specificity of formulation of the conditions of probation. A standard condition which is frequently applied is that the probationer shall maintain "good behavior," or similar statements such as "lawful behavior," or "violate no law." Such conditions have been almost universally upheld. They are no more vague or indefinite than the condition that the juvenile "stay out of all trouble." E.g., Mason v. Cochran, 209 Miss. 163, 46 So.2d 106 (1950). Conditions of probation are frequently broadly phrased, since the many types of appropriate causes for revocation cannot be predicted. Note, Legal Aspects of Probation Revocation, 59 Colum.L.Rev. 311, 314-16 (1959). Appellant by his own admission committed acts for which he could be prosecuted criminally. The Youth Court was amply justified in finding that the condition was valid under the particular facts of this case, and that appellant had violated it.
In 1964 and 1966 the Youth Court Act was amended to provide certain exceptions to the jurisdiction of that court over delinquent or neglected or battered children, including such offenses as breach of the peace and disorderly conduct, disturbing the public peace and committing malicious mischief. Thus appellant argues that the Grenada County Youth Court never had jurisdiction of him, because his acts in the Grenada school were offenses of the excepted types, and not within its jurisdiction. Miss.Code 1942 Ann. § 7185-03 (Supp. 1966). However, code section 7185-04 authorizes the Youth Court, once it has obtained jurisdiction in the case of any child, to retain such jurisdiction until he becomes twenty years of age. The court found Green to be a delinquent child over a year before the occurrence of the events upon which revocation of probation was based. In that order, the court specifically stated: "The court hereby retains jurisdiction *473 of this matter and reserves the right to change or modify this order at any time." This retention of jurisdiction was restated in the subsequent regularly scheduled reopening of the hearings.
Thus the exceptions to the Youth Court's jurisdiction, set forth in section 7185-03, do not apply here. That court, already vested with jurisdiction over Green, having found him to be a delinquent child, imposed probationary conditions. Section 7185-03 did not have the effect of depriving the Youth Court of jurisdiction over minors already adjudicated to be delinquent, simply because the minor in question committed acts which might possibly be classified under one of the many exceptions in section 7185-03. No legislative intent to that effect appears from the statute. Green was not charged with committing a crime or misdemeanor, but with violating the conditions of his probation in the custody of his parents.
In the trial court appellant did not raise any issue on what he now alleges is a discriminatory separation of the races in the two state training schools. He offered no evidence on that subject, and we do not consider this question, which is raised here for the first time.
Affirmed.
RODGERS, BRADY, PATTERSON and SMITH, JJ., concur.

ON MOTION FOR STAY OF JUDGMENT PENDING APPEAL TO UNITED STATES SUPREME COURT.
After affirmance by this Court of the order of the Youth Court of Grenada County, appellant Green, by his attorney, filed a motion for a supersedeas or stay of this Court's judgment pending his appeal to the United States Supreme Court. Of course, appellant has a right to appeal, but the granting of a stay of this Court's judgment is within its sound discretion. 28 U.S.C.A. § 2101(c) (1959). After careful consideration, we conclude that the motion should be overruled. The Youth Court has continuing, retained jurisdiction in this case. It is the proper tribunal to determine any factual issues as to appellant's rehabilitation occurring subsequent to its order, which was affirmed here. Miss. Code 1942 Ann. §§ 7185-04, 7185-24 (1952).
Motion for stay of judgment pending appeal overruled.
All Justices concur.