229 So.2d 579 (1969)
Hoyt RAY
v.
STATE of Mississippi.
No. 45613.
Supreme Court of Mississippi.
December 22, 1969.
Rehearing Denied January 12, 1970.
Harry L. Kelley, Jackson, for appellant.
A.F. Summer, Atty. Gen., by Guy Rogers, Asst. Atty. Gen., and Wade H. Creekmore, Jr., and James Creekmore, Special Asst. Attys. Gen., Jackson, for appellee.
*580 JONES, Justice.
In March 1966, appellant was indicted in Warren County on a charge of false pretenses. On arraignment, he entered a plea of guilty and was sentenced to five years in the penitentiary, which sentence was suspended and he was placed on probation. In December 1968, the prosecuting attorneys of Warren County filed a petition to revoke the probation. A hearing on the petition was held January 2, 1969, and the probation revoked. A petition for a writ of habeas corpus was filed thereafter, and the writ issued. A hearing on the petition for a writ of habeas corpus was held and the petition was dismissed. From this order, the appellant appeals. It is unnecessary to detail the evidence heard by the court, but it was more than ample to justify the revocation of the probation.
The assignments of error herein filed are: (1) The statute under which he was indicted and convicted (Section 2153, Mississippi Code of 1942 Annotated  Bad Check Law) is unconstitutional and void on its face; (2) and (3) the court erred in admitting certain evidence; and (4) the court abused its discretion in revoking the probation.
*581 Habeas corpus proceeding is not a method of appeal nor is it a method of deciding the sufficiency of evidence introduced in a hearing before the trial court. It may not be used as a post conviction remedy, and is not a method of obtaining a new trial. Petitioner is not entitled to a release on a writ of habeas corpus as long as the trial court had jurisdiction under a valid law and rendered a valid judgment. Ledbetter v. Bishop, 210 So.2d 880 (Miss. 1968); Allred v. State, 187 So.2d 28 (Miss. 1966); Smith v. State, 155 So.2d 494 (1963); Jackson v. Waller, 248 Miss. 166, 156 So.2d 594 (1963); Donnell v. State, 48 Miss. 661 (1873).
It has been decided by this Court that a hearing on a petition to revoke probation is not a criminal case, and it is only necessary that the evidence be sufficient to convince the court. Murphy v. Lawhon, Sheriff, 213 Miss. 513, 57 So.2d 154 (1952); Shook v. State, 212 Miss. 472, 54 So.2d 728 (1951).
The guilt or innocence on habeas corpus is not material. State v. Morgan, 114 Miss. 634, 75 So. 441 (1917).
Evidence for revocation does not have to be beyond a reasonable doubt. McLemore v. State, 170 Miss. 641, 155 So. 415 (1934).
An order revoking suspension is not appealable. Cooper v. State, 175 Miss. 718, 168 So. 53 (1936).
Under these decisions, the only assignment of error of the three above mentioned that may be determined in this proceeding is the alleged unconstitutionality of the statute.
Of the constitutionality of the statute aforesaid, it is charged that it compels a defendant to testify against himself. Section 2153, Mississippi Code 1942 Annotated (1958) makes a prima facie case of false pretenses by proof of the fact that a person had given a check for value and had no, or insufficient, funds on deposit to pay same.
This statute does not require the defendant to testify, although the proof required by the statute creates a prima facie case which is rebuttable by evidence. The cases upon which appellant relies are: United States v. Romano, 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210 (1965) and Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943). Neither of these cases is in point. It was there held that no rational connection existed between the facts proven and the crime with which the defendant was charged. This is true in all the cases found by us where the statute was held unconstitutional.
Where there is a rational connection between the crime charged and the facts proven, the act is held to be constitutional. The matter has been before the courts and the rule above mentioned has been observed. Where the rational connection is present, the constitutionality of the statute is confirmed.
In Carter v. Lowry, Sheriff, 169 Ga. 515, 151 S.E. 23 (1929), a check statute was involved and it was there held: to be no denial of due process; not an impairment of jury functions; not an unreasonable presumption; and valid.
See also United States v. Romano, supra; Annot., 13 L.Ed.2d 1151, 1154 (1965); Annot., 162 A.L.R. 498 § 3 (1946); Annot., 162 A.L.R. 501, 505 (1946).
In the instant case, there could be no question as to a rational connection between the facts required to be proven and the prima facie case thereby shown.
It is interesting to note in this case that the appellant was not convicted on the prima facie case, but on a plea of guilty.
*582 As shown by the cases hereinbefore cited, the other assignments of error cannot be reviewed in this proceeding.
The case is affirmed.
Affirmed.
ETHRIDGE, C.J., and PATTERSON, INZER, and ROBERTSON, JJ., concur.