292 So.2d 181 (1974)
Joe PIPKIN
v.
STATE of Mississippi.
No. 47755.
Supreme Court of Mississippi.
March 18, 1974.
*182 Robert J. Kelly, Nelson G. Conover, Oxford, for appellant.
A.F. Summer, Atty. Gen., by Wayne Snuggs, Special Asst. Atty. Gen., Jackson, for appellee.

ON MOTION TO DISMISS
GILLESPIE, Chief Justice.
Joe Pipkin pleaded guilty in the Circuit Court of Marshall County to a charge of assault and battery with intent to kill and murder.
On February 23, 1971, the court sentenced defendant to one year in the state penitentiary, the order further providing that "the court hereby suspends the execution of the above sentence for a period of one year and the defendant is hereby placed under the supervision of the State Probation and Parole Board, until the court in term time, or the Judge on vacation, shall alter, extend, terminate or direct the enforcement of the above sentence."
On March 3, 1972, on a petition filed by the district attorney, the court revoked the suspension and ordered defendant transported to the penitentiary, but again suspended sentence on good behavior. On March 28, 1973, defendant's probation was again revoked, and he was ordered sent to the penitentiary. An appeal was allowed by a Justice of this Court.
Defendant argues that the circuit court had no jurisdiction to revoke probation because (1) the court could not modify or revoke probation after expiration of the period of probation stated in the original judgment, and (2) the court had previously ordered termination of probation on February 15, 1972, on a petition filed by defendant's probation supervisor.
The state does not argue that the revocation of probation and the order resentencing defendant to the penitentiary was valid, but contends that the aforesaid order is not appealable. We agree that the case should be dismissed because the order is not appealable. Habeas corpus is the proper remedy.
An order revoking a suspension of sentence or revoking probation is not appealable. Ray v. State, 229 So.2d 579 (Miss. 1969); Kittrell v. State, 201 Miss. 514, 29 So.2d 313 (1947); Cooper v. State, 175 Miss. 718, 168 So. 53 (1936). The remedy is habeas corpus to determine whether (1) the court has jurisdiction to issue the order, (2) rendered a valid judgment, Ray v. State, supra, and (3) defendant had notice and was granted a public hearing as required by due process. Mason v. Cochran, 209 Miss. 163, 46 So.2d 106 (1950).
Leonard v. State, 271 So.2d 445 (Miss. 1973), appears to support defendant's argument that an order revoking probation is appealable, but the question was not raised in that case.
This Court is reluctant to dismiss a proceeding because one seeks the wrong remedy; and a mere misnomer of the procedure should ordinarily not result in a dismissal; however, the attempt to appeal an unappealable order is a total departure from the orderly administration of justice and cannot and should not be approved.
The bail bond in the present proceeding shall remain in force until a hearing is held on any habeas corpus proceeding filed by defendant within ten days from this date.
Appeal dismissed.
ROBERTSON, SUGG, WALKER and BROOM, JJ., concur.