The STATE of Oklahoma ex rel. Andrew M. COATS, District Attorney, Oklahoma County, Petitioner,

v.

The Honorable Carmon C. HARRIS, District Judge for the Seventh Judicial District of the State of Oklahoma, Respondent.

No. O-77-94.

Court of Criminal Appeals of Oklahoma.

Feb. 16, 1977.

James P. Laurence, Asst. Dist. Atty., Oklahoma County, for petitioner.

Stephen Jones, Oklahoma City, for respondent.

## OPINION

BUSSEY, Presiding Judge.

Petitioner, Andrew M. Coats, District Attorney in and for Oklahoma County, petitioned this Court for a Writ of Mandamus directing the District Court to vacate its order previously given staying execution of the sentence in Case No. CRF–74–2921, on the ground that the District Court lacked

jurisdiction to issue such an order. This Court assumes jurisdiction of the matter presented.

On December 22, 1976, this Court issued a mandate in *Pearson v. State,* Okl.Cr., 556 P.2d 1025 (1976), affirming the conviction and directing the execution of the sentence. However, the defendant in the case gave the trial court—the respondent here—notice that he intended to appeal to the United States Supreme Court, and asked for a stay of execution, which the respondent trial court granted. The respondent contends that it had proper jurisdiction to issue such a stay, and cites 28 U.S.C., § 2101 in support. That statute states, in pertinent part, as follows:

" * * *

"(f) In any case in which the final judgment or decree of any court is subject to review by the Supreme Court on writ of certiorari, the execution and enforcement of such judgment or decree may be stayed for a reasonable time to enable the party aggrieved to obtain a writ of certiorari from the Supreme Court. The stay may be granted by a judge of the court rendering the judgment or decree or by a justice of the Supreme Court.
. . ."

The question of such a stay is also addressed in the revised rules of the Supreme Court of the United States:

"Applications pursuant to 28 U.S.C. § 2101(f) to a justice of this court will normally not be entertained unless application for a stay has first been made to a judge of the court rendering the decision sought to be reviewed, or to such court,
. . . ."

■ It is clear that the decision sought to be reviewed is the ruling of this Court on appeal, not merely the judgment and sentence by the trial court. Hence, the proper State court to issue any stay pending appeal to the United States Supreme Court

would be this Court rather than the trial court. Inasmuch as the wording in 28 U.S.C. § 2101(f) is permissive, and the wording in Rule 27 provides for the stay to be issued either by a single judge of the court rendering the decision to be reviewed, or by the entire court, we interpret the Federal Law to vest the granting of a stay in the discretion of the State Court, in accordance with State Statutes and its own Rules of Procedure.[1] This Court has provided for such a stay in the Rules of the Court of Criminal Appeals, Rule 1.19:
" * * *

"The Mandate shall not be recalled, nor stayed pending an appeal to any other court, nor shall bail be allowed by this Court pending appeal from a final decision of this Court, unless two (2) of the Judges participating in the decision shall for good cause shown recall the Mandate."

■ The respondent argues that it is the court "rendering the judgment," in that after this Court affirms the conviction the case is returned to the trial court for execution of the sentence. While it is true that the issuance of the mandate restores jurisdiction of the case to the trial court, *Yates v. Brock,* Okl.Cr., 521 P.2d 1396 (1974), the extent of that jurisdiction is to comply with the mandate of the Oklahoma Court of Criminal Appeals, and to that extent only. *Greenwood v. State,* Okl.Cr., 381 P.2d 895 (1963). The respondent cites *Seaba v. State,* 144 Okl. 295, 290 P. 1098 (1930) as supporting the proposition that upon issuance of the mandate full jurisdiction is returned to the trial court, but in that case the Oklahoma Supreme Court stated:

"When the Criminal Court of Appeals of this state affirms the judgment and sentence of a trial court in a criminal action and remands the same to the lower court with directions to carry out the mandate of the Criminal Court of Appeals, then the trial court has as full and complete

---

1. The Mississippi Supreme Court has twice ruled that the granting of such a stay was within its own sound discretion. *In Interest of Green,* 203 So.2d 470, cert. den. 392 U.S. 945, 88 S.Ct. 2297, 20 L.Ed.2d 1407 (1967); *Goldsby*

*v. State,* 240 Miss. 647, 650, 123 So.2d 429, 124 So.2d 297, cert. den. 365 U.S. 861, 81 S.Ct. 829, 5 L.Ed.2d 824 (1960), and the Texas Court of Civil Appeals has also so held. *O'Neill v. Craig,* Tex.Civ.App., 500 S.W.2d 583 (1973).

jurisdiction of said cause, for all further proceedings *consistent with the mandate,* as though no appeal had ever been taken." [Emphasis added]

The mandate in *Pearson v. State,* supra, was to execute the sentence, and a stay is not consistent with execution.

For the foregoing reasons, the Writ of Mandamus is GRANTED. The Honorable Carmon C. Harris, District Judge, is hereby directed to vacate his Order of December 23, 1976, entered in Oklahoma County Case No. CRF–74–2921, and all further Orders entered in accordance therewith, purporting to fix bond and releasing Jack O. Pearson pending appeal to the United States Supreme Court, and is further directed to order the Court Clerk of Oklahoma County to proceed under the provisions of 22 O.S. 1971, § 1072, which are as follows:

"It is hereby made the duty of the court clerk in all counties, upon receipt from the Clerk of the Court of Criminal Appeals of any mandate or order of the Court of Criminal Appeals, to immediately and without any order from the court, or judge thereof, to spread said mandate or order of record in the proper court, and to issue and place in the hands of the proper officer appropriate process for carrying out such mandate or order.

"That it shall be the duty of any such court clerk to immediately upon return being made by the officer to whom process is delivered, to thereafter make return to the Clerk of the Court of Criminal Appeals, showing the date that mandate was received, date filed and recorded, the date process was issued to the officer, and the date the process was served and whether the convicted person was incarcerated. If incarceration of the prisoner is delayed by reason of flight, or for any other cause for a period of more than fifteen (15) days after receipt of mandate, the return, under any such circumstance causing delay, must be immediately made to the Clerk of the Court of Criminal Appeals; and upon later apprehension of prisoner and incarceration, a further return must be made to the Clerk

of the Court of Criminal Appeals, reporting the facts, within ten (10) days after such incarceration."

WRIT OF MANDAMUS GRANTED.

BLISS and BRETT, JJ., concur.