382 So.2d 289 (1980)
Tyrone James GRIFFIN
v.
STATE of Mississippi.
No. 51738.
Supreme Court of Mississippi.
April 9, 1980.
Patricia Champagne Akin, Gulfport, for appellant.
Bill Allain, Atty. Gen. by Billy L. Gore, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROBERTSON, P.J., and LEE and BOWLING, JJ.

*290 ON MOTION TO DISMISS APPEAL
ROBERTSON, Presiding Justice, for the Court.
Appellant, Tyrone James Griffin, has appealed to this Court from an order of the Circuit Court of Harrison County finding that he had violated the terms of his probation and sentencing him to 7 years in the Mississippi State Penitentiary.
On May 13, 1976, Griffin entered a plea of "guilty" to an indictment charging him with burglary of a dwelling house, and stealing, among other things, a Zenith 19" color T.V. He was sentenced to 10 years in the penitentiary, but the execution of the sentence was suspended and Griffin was placed on supervised probation for a period of five years.
On June 20, 1978, a petition to revoke probation was filed in the Circuit Court of Harrison County, because Griffin was arrested on March 15, 1978, on a charge of burglary of a dwelling house and stealing a G.E. color television set. Griffin was indicted for this offense at the June, 1978, Term of Court, and tried on July 20, 1978. Although Griffin's car was admittedly used in the theft of the color TV set, and although Griffin recovered the TV set from the man that Griffin said used his car that day and returned it to the owner, the jury returned a verdict of "Not Guilty".
A hearing was held on the Petition to Revoke Probation on July 21, 1978. Griffin contended at that hearing that there was no basis to revoke his probation because the jury had found him "not guilty" of the charge of burglary of a dwelling house, and that he had not violated the condition of his probation that he "commit no offense against the laws of this or any state." The court found Griffin guilty of "Accessory After the Fact," advised him "And you stay away from characters that are going to get you in trouble," revoked his probation and sentenced him to 7 years in the penitentiary.
The State has filed a motion to dismiss the appeal, contending that it is well settled in Mississippi that no appeal can lie from an order revoking an accused's probation and resentencing him to the penitentiary.
In Pipkin v. State, 292 So.2d 181 (Miss. 1974), this same contention was made and this Court said:
"We agree that the case should be dismissed because the order is not appealable. Habeas corpus is the proper remedy.
An order revoking a suspension of sentence or revoking probation is not appealable. Ray v. State, 229 So.2d 579 (Miss. 1969); Kittrell v. State, 201 Miss. 514, 29 So.2d 313 (1947); Cooper v. State, 175 Miss. 718, 168 So. 53 (1936). The remedy is habeas corpus to determine whether (1) the court has jurisdiction to issue the order, (2) rendered a valid judgment, Ray v. State, supra, and (3) defendant had notice and was granted a public hearing as required by due process. Mason v. Cochran, 209 Miss. 163, 46 So.2d 106 (1950).
.....
This Court is reluctant to dismiss a proceeding because one seeks the wrong remedy; and a mere misnomer of the procedure should ordinarily not result in a dismissal; however, the attempt to appeal an unappealable order is a total departure from the orderly administration of justice and cannot and should not be approved." 292 So.2d at 182.
Under the authority of Pipkin and the later case of Hamlin v. Barrett, 335 So.2d 898 (Miss. 1976), the motion to dismiss the appeal is sustained.
APPEAL DISMISSED.
PATTERSON, C.J., SMITH, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.