CHANDLER, J.,
for the Court.
¶ 1. Antoine Newsom filed a motion for post-conviction collateral relief on April 9, 2002. The circuit court denied the petition without an evidentiary hearing on December 18, 2002. Feeling aggrieved, Newsom appeals the following errors:
1. WHETHER NEWSOM’S PROBATION WAS ILLEGALLY REVOKED AT THE PROBATION REVOCATION HEARING AND WHETHER HE HAD A RIGHT TO COUNSEL.
2. WHETHER APPELLANT’S SENTENCE OF FIVE YEARS FOR RECEIVING STOLEN PROPERTY IS IN VIOLATION OF ARTICLE THREE IN THE MISSISSIPPI CONSTITUTION.
3. WHETHER THE CIRCUIT COURT ERRED IN AMENDING NEWSOM’S NAME AFTER HE WAS SENTENCED FOR RECEIVING STOLEN PROPERTY.
FACTS
¶ 2. On or about December 19, 1998, Newsom attempted to sell a laptop computer at a pawn shop and was arrested after the store owner discovered it was stolen. On April 23, 1999, Newsom was charged with grand larceny for the theft of the computer. Newsom pled guilty to receiving stolen property on November 4, 1999. He was given a five year suspended sentence with two years probation.
¶ 3. Newsom was indicted for burglary of a business on April 11, 2001. A warrant was issued for Newsom on May 10, 2001, for burglary, failure to pay supervision fees and court costs. Newsom signed a waiver for a preliminary probation revocation hearing on May 11, 2001.
¶ 4. On June 11, 2001, a probation hearing was held and the court revoked New-som’s probation and ordered him to serve his five year suspended sentence for receiving stolen property. Newsom filed a motion for post-conviction collateral relief on April 9, 2002. The circuit court denied the petition without an evidentiary hearing on December 18, 2002. Newsom filed a notice of appeal of January 3, 2003.
1. WHETHER NEWSOM’S PROBATION WAS ILLEGALLY REVOKED AT THE PROBATION REVOCATION HEARING AND WHETHER HE HAD A RIGHT ' TO COUNSEL.
¶ 5. In reviewing the trial court’s denial of a petition for post-conviction relief, this Court will not disturb the factual findings of the trial court unless they are determined to be clearly erroneous. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).
*1097 ¶ 6. Newsom argues the State should have investigated the alleged violations of his probation before it was revoked. The minimum due process requirements applicable to probation revocation hearings were set forth by the United States Supreme Court in Gagnon v. Scarpelli, 411 U.S. 778, 781-82, 93 S.Ct. 1756, 36 L.Ed.2d 656, (1973), and were incorporated into Mississippi law through Mississippi Code Annotated Section 47-7-37 (Rev.2000). These requirements are: (1) written notice of the claimed violations of probation; (2) disclosure to the probationer of the evidence against him; (3) an opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses (unless the hearing officer finds good cause for not allowing such confrontation); (5) a neutral and detached hearing body or officer; and (6) a written statement by the fact finder as to the evidence relied on and reasons for revoking the probation. Miss. Code Ann. § 47-7-37 (Rev.2000).
¶ 7. The Mississippi Supreme Court has stated that a conviction is not necessary to revoke probation. Murphy v. Lawhon, 213 Miss. 513, 517, 57 So.2d 154 (1952). Probation may be revoked upon a showing that the defendant “more likely than not” violated the terms of probation. Wallace v. State, 607 So.2d 1184, 1190 (Miss.1992). An indictment is a determination by a grand jury that probable cause exists to hold someone for trial on a charge. Bodne v. King, 835 So.2d 52, 59 (¶ 25) (Miss.2003).
¶ 8. Newsom was provided with written notice of the charges against him. The evidence against Newsom was presented to the court in the form of an indictment for burglary and failure to pay supervision and court costs fees. Newsom was given the opportunity to be heard in court and to present evidence that could refute the allegations levied against him.
¶ 9. The commission of a felony while on parole is grounds for revocation. Bobkoskie v. State, 495 So.2d 497, 500 (Miss.1986). Furthermore, it is not necessary that parole authorities await the principal trial before commencing proceedings to have parole revoked. Moore v. Ruth, 556 So.2d 1059, 1061 (Miss.1990). This claim for relief is without merit.
¶ 10. Newsom argues that he should have been appointed counsel at the revocation hearing. The Mississippi Supreme Court has held that probationers do not “have, per se, a right to counsel at revocation hearings.” Riely v. State, 562 So.2d 1206, 1209 (Miss.1990) (citing Lassiter v. Department of Soc. Servs., 452 U.S. 18, 26, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981)). In Gagnon v. Scarpelli, 411 U.S. 778, 782, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), the United States Supreme Court reasoned that the right to counsel does not automatically attach at a probation revocation proceeding because these proceedings do not fall within the critical stages of a criminal prosecution where a substantial right of the accused might be affected. In a very limited number of cases, the right to counsel may attach if there is a potential deprivation that accompanies the revocation of probation. Id. at 781-82, 93 S.Ct. 1756. However, the court did not hold that the right to counsel would always attach during a revocation proceeding. Id. at 786, 93 S.Ct. 1756. Instead, the court stated that “the decision as to the need for counsel must be made on a case-by-case basis, in the exercise of sound discretion by the state authority charged with responsibility for administering the probation and parole system.” Id. at 790, 93 S.Ct. 1756.
*1098 ¶ 11.- The record does not reflect that Newsom obtained or requested counsel during the revocation hearing. Even had Newsom done so, there is usually no right to counsel at that stage of criminal proceedings. Riely v. State, 562 So.2d 1206, 1209 (Miss.1990). The probationer has the right to counsel at a revocation hearing only if the issues are complex and the case difficult to develop. Id. The trial court was under no duty to appoint counsel for Newsom during the- revocation proceeding. This assignment is without merit.
¶ 12. Newsom’s second and third assignments of error address the validity of the judgment entered against him pursuant to his guilty plea of receiving stolen property and, accordingly, are not before the Court at this time. The rules governing post-conviction relief in this state limit the number of counts a petitioner can challenge to one count per filing. Mississippi Code Annotated Section 99-39-9(2) states:
A motion shall be limited to the assertion of a claim for relief against one (1) judgment only. If a prisoner desires to attack the validity of other judgments under which he is in custody, he shall do so by separate motions.
¶ 13. Newsom has challenged two counts of which he was convicted in the same petition. By statute, Newsom can only challenge one count in one petition. Therefore, this Court must dismiss his motion as it does not fulfill the statutory requirements of Mississippi Code Annotated Section 99-39-9(2) (Rev.2000).
¶ 14. THE JUDGMENT OF THE MARSHALL COUNTY CIRCUIT COURT DENYING POST CONVICTION RELIEF IS HEREBY AFFIRMED AS TO ISSUE I AND DISMISSED AS TO ISSUES II AND III. COSTS OF THIS APPEAL ARE ASSESSED TO MARSHALL COUNTY.
KING, C.J., BRIDGES AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS AND GRIFFIS, JJ., CONCUR.